CARNAHAN, TRUSTEE OF WASHINGTON SCHOOL TOWNSHIP OF DAVIESS COUNTY, INDIANA, *v.* THE STATE, EX REL. EADS ET AL.

[No. 18,839. Filed June 22, 1900.]

SCHOOLS.—*Removal of Schoolhouse.*—The expediency of changing a schoolhouse site is not to be determined by the superintendent alone, under the provisions of the act of 1893 (Acts 1893 p. 17), but with his opinion must concur that of the trustee and a majority of the patrons of the school, and whether the facts exist that warrant

Carnahan, Tr., *v.* State, *ex rel.*

the superintendent in ordering a removal is a question that is properly open to judicial investigation.  *pp. 157-159.*

QUAERE.—Are not taxpayers of a township who have no children of school age entitled to be enumerated as patrons or voters of a particular school selected by them?  Has §15 of the general school law of 1865 (Acts 1865 p. 3) been repealed?  *p. 159.*

From the Daviess Circuit Court.  *Affirmed.*

*W. Hefferman* and *E. Mattingly,* for appellant.

*M. S. Hastings, J. G. Allen* and *J. C. Billheimer,* for appellees.

BAKER, C. J.—Relators successfully prosecuted this action for a mandate to require appellant school trustee to maintain a school in schoolhouse number ten of his township as now located.  The errors assigned, which are predicated upon the conclusions of law on the facts specially found by the court in reference to defenses in abatement and in bar, and upon the refusal of a new trial, present but one question, and that is the effect of an order made in 1898 by the county school superintendent for the removal of the schoolhouse from its present site.

Prior to the adoption of the act of February 7, 1893 (Acts 1893 p. 17, §§5920a-c Burns 1894), the trustee, if acting in good faith, had an unlimited discretion in regard to the removal of schools, subject only to an appeal to the county superintendent; the patrons or voters of the school district had the right to petition the trustee for or against the removal, but their desires were only advisory to the trustee; and, if they were dissatisfied with the trustee's decision, they could appeal to the county superintendent, who, if acting on the appeal in good faith, exercised an unlimited and final discretion respecting the removal.  §§5920, 5986, 6028 Burns 1894, §§4444, 4499, 4537 R. S. 1881 and Horner 1897; *Crist* v. *Brownsville Tp.,* 10 Ind. 461; *Trager, Tr.,* v. *State,* 21 Ind. 317; *Koontz* v. *State,* 44 Ind. 323; *Braden* v. *McNutt, Tr.,* 114 Ind. 214; *Knight, Tr.,* v. *Woods,* 129 Ind. 101; *Hendricks, Tr.,* v. *State,* 151 Ind. 454.

Under the act of 1893 the change of a schoolhouse site can be effected only by the concurrent desires and action of three parties, (1) a majority of the patrons of the school, (2) the trustee of the school township, and (3) the county superintendent of schools. The wishes of the first two parties are to be expressed by signing and presenting a petition to the county superintendent, and of the third by an order for or against the change. The trustee is required to post notices of the time when the petition will be presented to the superintendent. This is evidently for the benefit of the patrons of the school who do not sign the petition. The act further requires that, before the superintendent expresses his opinion on the propriety of the change by making an order, satisfactory proof shall be made to him that a majority of the patrons are petitioners for the change. The plain purpose of this requirement is to prevent the removal's being made if in fact a majority of the patrons are opposed. *Kessler, Tr.,* v. *State,* 146 Ind. 221.

In this case, seven persons signed the petition that was presented to the superintendent. At the same time, and before the superintendent acted upon the petition, seventeen persons, of whom two had signed the petition, presented to the superintendent their written protest against the change. The superintendent ordered the removal. Appellant insists that this action by the relators is a collateral attack upon a judgment. That the superintendent had the power to determine whether or not the trustee and a majority of the patrons desired the change and had properly expressed their wishes; and that the correctness of the superintendent's action can not be inquired into collaterally. Whether or not the site of a schoolhouse should be changed is purely an administrative question. It is of the same nature now that it was before the act of 1893 was passed. Under the former statute, courts could not direct the trustee or the superintendent to favor or oppose any particular location; and, under the present statute, courts can not control the

exercise of the administrative judgment involved in the change of a schoolhouse site, in the absence of fraud or clear abuse of discretion. But the expediency of changing the site is not to be determined by the superintendent alone. With his opinion must concur that of the trustee and a majority of the patrons of the school. And it is their expression of a desire of change that is the superintendent's warrant for giving his opinion of the matter at all. Frequently administrative officers are required to determine whether or not certain conditions exist without which they have no authority to act; but such a determination is not a judicial decision. *Wilkins* v. *State,* 113 Ind. 514, and cases cited on page 519; *Board, etc.,* v. *Davis,* 136 Ind. 503, 22 L. R. A. 515; *Board, etc.,* v. *Heaston,* 144 Ind. 583, 55 Am. St. 192; *Board, etc.,* v. *State,* 147 Ind. 476. If the conditions exist, the action of the administrative officer stands, otherwise not. Though courts can not control the honest exercise of discretion by administrative officers, yet whether or not the facts exist that warrant such exercise of discretion is a question that is properly open to judicial investigation.

The parties devote considerable attention to a discussion of the meaning of the word "patrons" in the act of 1893, but it is unnecessary to proceed with that inquiry. Appellant claims that the "patrons" of the school in question numbered only twelve, of whom seven petitioned for and five protested against the change. But, as two petitioners signed the protest before the superintendent acted, there were only five petitioners and seven objectors. So the status of the other ten who signed the protest is immaterial. But, *quaere*: Are not taxpayers of a township who have no children of school age entitled to be enumerated as patrons or voters of a particular school selected by them? Has section fifteen of the general school law of 1865 (Acts 1865 p. 3), which was ommitted from the Davis revision of 1876 and every subsequent revision, been repealed?

Judgment affirmed.