## State, ex rel. Board of Commissioners of the County of Hamilton, v. Carey et al.

[No. 6,171.   Filed May 13, 1908.   Rehearing denied March 12, 1909.
Transfer denied December 7, 1909.]

1. OFFICERS.—*Fees.*—*Property of Counties.*—All charges made by a public officer, which are designated as fees for the performance of official duties, belong to the county, unless the statute expressly provides otherwise.  p. 661.

2. WORDS AND PHRASES.—*"Fees."*— *What are.*— *Officers.*— "Fees" import charges made by a public officer for the performance of official duties.  p. 661.

3. FEES AND SALARIES.—*Transcripts.*—*Changes of Venue.*—*Clerks.* —Fees charged by a clerk of the circuit court for the making of a transcript for appeal, or for a change of venue, belong to the county and must be accounted for.  pp. 661, 662.

4. WORDS AND PHRASES.—*"Transcript."*—A "transcript" is an official copy of an original record.  p. 662.

5. APPEAL.—*Rehearing.*—*Cross-Errors.*—*Failure to Assign.*—*Bonds.* —*Officers.*—In an action against a clerk and his sureties for the recovery of fees wrongfully withheld, wherein such clerk and his sureties recover judgment, and the plaintiff appeals, the sureties, in the absence of cross-errors, can raise no question, on rehearing, as to the correctness of the trial court's conclusions of law as to their separate liabilities.  p. 663.

From Hamilton Circuit Court; *Ira W. Christian*, Judge.

Action by The State of Indiana, on the relation of the Board of Commissioners of the County of Hamilton, against Horace W. Carey, and others.  From a judgment for defendants, plaintiff appeals.  *Reversed.*

*Shirts & Fertig*, for appellant.

*Carson, Thompson & Dowden, L. S. Baldwin* and *William S. Christian*, for appellees Carey and Federal Union Surety Company.

*Fred E. Hines*, for appellee United States Fidelity and Guaranty Company.

MYERS, J.—Action by relator on two consecutive bonds given by appellee Carey, formerly clerk of the Hamilton

Circuit Court, to recover certain sums of money alleged to have been received by said Carey as clerk for transcripts made by him of causes appealed from that court to the Supreme and Appellate Courts, and for transcripts made by him of causes on change of venue from Hamilton county. Issues were formed, trial by the court, special findings made and conclusions of law stated thereon, and judgment rendered in favor of appellees.

The question duly presented for decision is, Did the amounts received by appellee Carey, as clerk, from various parties, for making the aforesaid transcripts, belong to him, or were the same the property of the county, which he was required to pay into the county treasury by virtue of an act of the General Assembly approved March 11, 1895 (Acts 1895, p. 319, §114, §7324 Burns 1908)?

By §690 Burns 1908, §649 R. S. 1881, it is provided: "Upon the request of the appellant * * * upon the payment of the proper fee, the clerk shall forthwith make out and deliver to the party, at his request, or transmit to the Clerk of the Supreme Court, a transcript of the record in the cause * * * certified and sealed," etc. By §424 Burns 1908, §413 R. S. 1881, it is provided: "When a change of venue is directed, * * * the clerk of the court in which the suit is pending, as soon as the costs of the change are paid, shall forthwith transmit all the papers and a transcript of all the proceedings to the clerk of the court of the county to which the venue is changed." Section 7324, *supra*, provides: "The clerks of the circuit, criminal and superior courts of this State on behalf of the county in which said courts are held, shall tax and charge upon proper books * * * the fees and amounts provided by law, * * * but they shall in no sense belong to and be the property of the clerk, but shall belong to and be the property of the county; said clerk shall tax and charge: * * * For copying any record or paper when demanded by any per-

son or required by law, except otherwise provided in this fee bill, per 100 words (four figures counting as a word), eight cents."

Appellees insist that it was not the duty of Carey, as clerk of the Hamilton Circuit Court, to make out said transcripts, and therefore any compensation received by him on account thereof did not come within the fee bill to be taxed as property belonging to the county.

It is well settled that under the fee and salary law of this State all charges for services performed by county officers, for which charges are authorized by statute, and

1. which are designated as fees, become the property of the county, "and must, when collected by said officer, be paid into the county treasury, unless said act expressly provides that the same shall belong to such officer." *Smith* v. *State, ex rel.* (1907), 40 Ind. App. 240, and cases cited. In the case last cited, quoting from the case of *Cowdin* v. *Huff* (1858), 10 Ind. 83, it is said: "Fees are compensations for particular acts or services." It was said in the case of *Landis* v. *Lincoln County* (1897), 31 Ore. 424, 50 Pac. 530: "By the ordinary acceptation of the term

2. 'fees,' as heretofore and now used in the statute, we understand it to signify compensation or remuneration for particular acts or services rendered by public officers in the line of their duties, to be paid by the parties, whether persons or municipalities, obtaining the benefit of the acts, or receiving the services, or at whose instance they were performed." The services over which this particular

3. controversy arose were performed by Carey upon the demand of the various parties who desired to appeal from judgments of the Hamilton Circuit Court, and the law required him to transmit a transcript of all the proceedings had in that court in cases where a change of venue had been directed. In cases of appeal, the payment to be made is designated as a fee (§690, *supra*), and in cases where a

change of venue is directed, the statute (§424, *supra*) requires the payment of "the costs of the change." This court, in the case of *Alexander* v. *Harrison* (1891), 2 Ind. App. 47, 48, quoted with approval from *Apperson* v. *Mutual Benefit Life Ins. Co.* (1876), 38 N. J. L. 388, the following: " 'The word "costs" is a word of known legal signification. It signifies, when used in relation to the expenses of legal proceeding, the sums prescribed by law as charges for the services enumerated in the fee bill.' " Again referring to the clerk's fee bill (§7324, *supra*), we find it provides that the clerk shall charge and tax a fee "for copying any record or paper when demanded by any person or required by law."

A transcript is defined to be a copy of the original record; an official copy. Anderson's Law Dict. Appellee Carey, while clerk of said court, made a certified copy of the records of certain cases as required by law. In doing so he was engaged in performing particular acts or services for which he received the money in question, and, under the belief that he was not required to account for the same, appropriated it to his own use. There is no statute expressly or impliedly authorizing him to retain as his own charges made and collected by reason of such services. He was a public officer. The making of said transcripts was the performance of an official service, for which a charge is authorized by statute, not as compensation to the clerk in the nature of "wages" or "salary," but as a fee (*Seiler* v. *State, ex rel.* [1903], 160 Ind. 605; *State, ex rel.,* v. *Flynn* [1903], 161 Ind. 554) ; and being a fee, by legislative mandate, it must be charged and taxed as the property of the county, and, when collected, the clerk should report the same in his quarterly settlement. *Board, etc.,* v. *Given* (1907), 169 Ind. 468; *Smith* v. *State, ex rel., supra.*

For the reasons before given, we are required to hold that the court below erred in its conclusions of law.

Judgment reversed, with instructions to the trial court to restate its conclusions of law in accordance with this opinion.

Hadley, P. J., Comstock, Rabb and Watson, JJ., concur. Roby, C. J., absent.

## On Petition for Rehearing.

Myers, J.—The Federal Union Surety Company has filed a petition for a rehearing in this cause, and reargued the questions considered and decided in our original opinion. Upon a reëxamination of the authorities to which our attention has been called, we find no reason to change our former conclusion.

The petitioner herein insists that in the original consideration of this cause we failed to decide the question as to whether this appellee can be held liable for fees collected by appellee Carey, and converted to his own use, between September 1, 1902, and October 10, 1902, the latter date being the time of the execution and delivery of the bond on which this appellee was surety. We did not pass upon that question nor do we now express any opinion thereon, for the reason that if error was committed by the trial court in that regard it was against this petitioner, and such action of the court is reviewable only upon an assignment of cross-error. *Evansville, etc., R. Co.* v. *Mosier* (1888), 114 Ind. 447; *Nutter* v. *Junction R. Co.* (1859), 13 Ind. 479; Ewbank's Manual, §§140, 206; 1 Thornton's Civil Code, p. 999. Only appellant has assigned errors. Appellee company seeks to have the judgment below affirmed, and at the same time, without assigning cross-errors, it asks affirmative relief, by insisting that the court erred in its conclusions of law, whereby its bond was made to cover the defaults of Carey, as clerk, from September 1 instead of October 10. This question was not presented.

Petition overruled.