## VANDALIA COAL COMPANY v. RINGO, ADMINISTRATOR.

[No. 9,178. Filed December 20, 1916.]

1. APPEAL.—*Briefs.—Omissions by Appellant.—Supply by Appellee. Sufficiency.*—Where appellant's brief, in seeking to question the sufficiency of the complaint, fails, in its statement of the record, to set out enough of the complaint to properly present the objections thereto, it is subject to criticism as not complying with the rules of the Appellate Court, but when the omissions from the record are supplied by appellee, such brief is sufficient to present the objections urged against the complaint. p. 324.

2. DEATH.—*Action for Wrongful Death.—Damages.—Loss of Prospective Benefits.*—Damages, in case of wrongful death, may be the loss by the beneficiary of any pecuniary benefit which he might reasonably have expected to receive by gift during the lifetime of the deceased, so that it is competent, in an action for the death by negligence for the benefit of the parents and brothers and sisters, to show decedent's earnings and that he gave a large part thereof to his parents and their children for their maintenance and support. p. 326.

3. APPEAL.—*Briefs.—Sufficiency.*—Where the only proposition or point mentioned in appellant's brief applying to questions arising under the motion for a new trial is a general statement that instructions must be confined to the issues made by the pleadings,

and must be based on the evidence, and neither the pleadings nor the evidence is set out, no question is presented for review as to the instructions or motion for a new trial based on error therein. p. 326.

4. APPEAL.—*Review.—Searching the Record.*—The court on appeal will search the record to affirm a cause, but not to reverse it. p. 326.

From Knox Circuit Court; *Benjamin M. Willoughby,* Judge.

Action by Nathan W. Ringo, administrator of the estate of James Cross, deceased, against the Vandalia Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*James M. House* and *Henry W. Moore,* for appellant.

*Oscar E. Bland, L. M. Wade* and *A. J. Padgett,* for appellee.

IBACH, J.—This is an action for the wrongful death of appellee's decedent while working in appellant's coal mine. The negligence charged is the failure on the part of appellant to supply and circulate sufficient air in its mine as required by statute.

The complaint is in two paragraphs. A demurrer to each for want of facts was overruled, and such rulings are separately assigned as error. A trial resulted in a verdict and judgment for appellee for $600. Appellant's motion for a new trial was overruled and such ruling is also assigned as error. The sufficiency of appellant's brief to present any question is attacked by appellee.

It is insisted that the rulings on the demurrers are not presented for the reason that appellant has failed to set out the complaint or its substance in its brief as required by the rules of this court. In its statement of the record to present such questions appellant says: ''We desire especially to challenge the sufficiency of the complaint in so far as it pretends to set up the damages sustained by the next of kin. The only allegation of either

paragraph of the complaint which refers in any way to the next of kin or their dependence is as follows: 'That at the time plaintiff's said decedent was injured he was twenty-two years of age and was a strong, healthy, able-bodied man, and a skilled workman in his profession of coal mining, and that he left at his death surviving him and wholly dependent upon him for support, his father, Alexander Cross, his mother, Jenette Cross and six brothers and sisters whose names and ages are as follows: Mary 13 years, Jennette 11 years, Alex 9 years, Jermimma 7 years, John 4 years and Agnes 1½ years.' ''

That part of the memorandum accompanying the demurrers set out in appellant's brief is as follows: ''8. There is no sufficient allegation of fact or facts showing that the deceased left any one depending upon him for support, or that any one sustained a pecuniary loss by the death of the deceased. 9. The general allegation that the father and mother and six brothers and sisters were dependent upon the deceased for support is overcome by the fact disclosed in the complaint that the six brothers and sisters are all under age and have a father and mother living, and that the deceased was more than twenty-one years of age.''

Appellee also insists that each paragraph states a cause of action, and supports such insistence by the further statement from each paragraph of complaint: ''That plaintiff's decedent, during his lifetime and up to the time of his death, earned on an average of $40 every two weeks, and gave the same or most of it to his father and mother, and children for their support and maintenance.''

While appellant's briefs are subject to criticism, the statement of the record contained therein, when supplied by that of appellee, is sufficient to present the specific objections urged against the complaint. *Adams* v. *Betz* (1906), 167 Ind. 161, 164, 78 N. E. 649.

The loss which a man suffers by the death of a relative may be the loss of something which he was legally entitled

to receive, or may be the loss of something which it was reasonably probable he would receive. The second description of loss includes the loss by the beneficiary of any pecuniary benefit which he might reasonably have expected to receive during the lifetime of the deceased by gift. It was competent, therefore, under the averments of each paragraph of the complaint in question, to show the earnings of decedent and that a large part of them were given to his father, mother, brothers and sisters for their support and maintenance. There are no specific allegations which overcome the general allegations. See *Standard Forgings Co.* v. *Holmstrom* (1914), 58 Ind. App. 306, 316, 317, 104 N. E. 872; *Louisville, etc., R. Co.* v. *Goodykoontz* (1889), 119 Ind. 111, 21 N. E. 472, 12 Am. St. 371; *Diebold* v. *Sharp* (1897), 19 Ind. App. 474, 49 N. E. 837.

It is next insisted that the brief is insufficient to present any question arising under appellant's motion for a new trial for the reason that all the instructions are not set out in the brief, and that it does not contain a condensed recital of the evidence in narrative form.

Appellant has not complied with the rules in its statement of the evidence. The only proposition or point mentioned in appellant's brief, under "Points and Authorities," that could be held to apply to questions arising under its motion for a new trial is as follows: "Instructions must be confined to the issues made by the pleadings, and must be based upon the evidence." In the absence of the pleadings and the evidence, such objection, if sufficiently specific to present any question, would require a search of the record. This court will search the record to affirm but not to reverse. *March* v. *March* (1911), 50 Ind. App. 293, 295, 98 N. E. 324.

Other errors are assigned, but in view of the disposition made of other questions, their discussion here becomes un-

necessary. No reversible error having been shown, the judgment below is affirmed.

Note.—Reported in 114 N. E. 466. See under (1) 3 C. J. 1447; (2) 13 Cyc 355.