STATE, EX REL. TAYLOR v. WHETSEL, TRUSTEE ET AL.

[No. 24,323. Filed November 6, 1925. Rehearing denied February 19, 1926.]

1. TRIAL.—*Failure to find facts equivalent to a finding that there were no such facts, as to the party having the burden of proof.*—As against the party having the burden of proof, the failure to find facts material to an issue is equivalent to a finding that there were no such facts. p. 281.

2. MANDAMUS.—*Failure to find facts on which relator's action was based constituted a finding that such facts did not exist, where special finding made.*—In an action of mandate to compel a township trustee to transport relator's children to the school which they were attending, on the ground that they were pupils of an abandoned school living more than a mile and a half from the school they were attending, the court making a special finding, its failure to find that relator's children were pupils of an abandoned school or that there were funds available to pay the expense of the transportation, constituted a finding that they were not pupils of an abandoned school and that there were no such funds. p. 281.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Definition of school district in school law of 1865 remains unchanged and controls in determining school district to which school children belong.*—Section 14 of the school law of 1865 (Acts 1865 p. 3, §6542 Burns 1926), in so far as it defines the persons constituting a school district, remains unchanged and controls in determining the school district to which parents and their children belong. p. 284.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Children of relator held not pupils of abandoned school within statute so as to require trustee to furnish them transportation to another school.*—In an action of mandate to compel a township trustee to transport relator's children to the school which they were attending, as provided in §2, Acts 1921 p. 743, §6853 Burns 1926, *held* that such children were not pupils of a school that was abandoned so as to come within the provisions of said section requiring the trustee to furnish them transportation to another school. p. 284.

5. SCHOOLS AND SCHOOL DISTRICTS.—*Parent's residence for school purposes in district in which he or his predecessors in occupation of his home elected to send children from that home to school.*—The law fixes the residence of a parent for school purposes in the district in which he or his predecessors in the occupation of his home elected to send children from that

home to school, subject to be changed with the joint consent of the school patron and the township trustee. p. 286.

6. SCHOOLS AND SCHOOL DISTRICTS.—*In action to mandate trustee to furnish transportation to school children, held that evidence sustained finding, that trustee did not have sufficient available funds to pay expense.*—In an action to mandate a township trustee to furnish transportation to school children, evidence *held* to sustain finding that there were not sufficient available funds to pay the expense of transporting such children. p. 287.

7. APPEAL.—*Appellate tribunal not bound to assume as true and correct all the facts recited in appellant's brief where the evidence shows the contrary.*—An appellate tribunal is not bound to assume that a recital of facts in appellant's brief is correct, though not controverted by appellee, where the record sets out evidence showing the contrary, as it is its duty to search the record to affirm the judgment. p. 288.

From Jay Circuit Court; *Roscoe D. Wheat,* Judge.

Action in mandate on the relation of Frank Taylor against Preston Whetsel, as trustee of Knox school township, and others. From a judgment for defendants, the relator appeals. *Affirmed.*

*Moses B. Lairy, Malcolm V. Skinner* and *Moran & Gillespie,* for appellant.

EWBANK, J.—Appellant's relator brought an action of mandamus against the trustee and members of the advisory board of the township in which he lives to compel them to transport two of his children to the school which they are attending, in district number one of that township. He alleged that he is a resident taxpayer of the township and the father of the two children, and that they reside with him in school district number two of the township, which district was abandoned, and in which no teacher has been employed for several years past; that one of the said children is aged twelve years and the other seven years; that there is no school within a mile and a half of the said residence of the children, and they are compelled to attend the school in district number one, which is distant two

miles and fifty rods from said residence; that the trustee has $1,505.08 of the special school funds available for the transportation of children so situated, and that, before bringing suit, demand was made and refused, etc. An answer of general denial and a second paragraph of argumentative denial which alleged in affirmative form that relator and his children reside and always have resided in school district number one, and not in number two, were filed, and appellant filed a reply of general denial. At the request of relator, the court made a special finding of facts, by which it found, among other things, that school district number two had been abandoned six years before, and had not since been used for school purposes, but that all the eight children of relator, including the two mentioned in his complaint, ever since becoming of school age, had attended the school in school district number one, but had never at any time attended in district number two; and there was no finding that the children resided or ever had resided in the abandoned district number two or were pupils of the abandoned school, or that the trustee had any funds available with which to do what was demanded. On this finding, the court stated conclusions of law that at the time of commencing this action and for some years prior thereto, the relator and his said children were and continuously had been "attached to school district number one," that the law was with the defendants, and that the defendants were entitled to recover their costs. There was no motion for a *venire de novo*. The plaintiff filed a motion for a new trial for the alleged reasons that the decision is not sustained by the evidence and is contrary to law, which was overruled, and an exception was taken, whereupon judgment was rendered that the plaintiff take nothing, and that defendants recover their costs.

Appellant being the plaintiff below and having the

burden of proof, the failure of the court to find that relator's children resided in the abandoned school district number two, or were pupils of the abandoned school, or that there were any funds available to pay the cost of transportation, constituted a finding that the children were not pupils of that school, and that there were no such funds. *National Surety Co.* v. *State* (1913), 181 Ind. 54, 67, 103 N. E. 105; *McAdams* v. *Bailey* (1907), 169 Ind. 518, 534, 82 N. E. 1057, 13 L. R. A. (N. S.) 1003, 124 Am. St. 240. And since the whole case was based upon the alleged facts that they resided in that district and were pupils of that school, and that he had funds available, such a finding fully supports the conclusions of law that plaintiff is not entitled to recover anything and that defendants may recover their costs.

Relator next insists that these facts were so clearly established by the evidence that a finding to the contrary is not sustained by sufficient evidence and is contrary to law.

Relator testified that for fifty-seven years he had lived in Knox township on a farm that he owned at the time of the trial, and that both of his children, on whose behalf he sought the writ of mandamus, were born there and continuously had lived there with him; that he had eight children who had attended the township schools, the oldest of whom was now twenty-four years old, and he had always sent his children to the school in district number one, and had never sent any of them to the school in district number two; that, at the time the school in district number two was abandoned, his children were not attending school there; that the school was abandoned when Mr. Philabaum was township trustee, and that said trustee had told relator he intended to send relator's children to the school at number two (since abandoned), when relator had told him

that if he took them over that mud road, he must haul them there and bring them back home. And there was evidence that the defendant trustee had never enumerated relator's children in district number two, and there was no evidence that any trustee ever had done so at relator's request. There was also evidence to the effect that relator lives in section ten, near the southeast corner of the section, in a house that faces a gravel road; that this gravel road runs west along the south line of the section, nearly a mile, to where "a bad mud road that has not been improved" leads north on the west line of the section to the northwest corner, and there the road turns back toward the east to reach the schoolhouse in district number two, a total distance of about two miles from relator's residence; that immediately east of section ten lies section eleven, and the gravel road which passes relator's house extends east along the south side of section eleven a little more than a mile to the southeast corner of that section, and there connects with a "right good road" that runs north along the east line of section eleven, and leads to Pennville; and that the schoolhouse in district number one is on this road, in the northeast corner of section eleven, just about the same distance from relator's residence as the schoolhouse in district number two. But that, about one-fourth of a mile east of relator's house, an unimproved "dirt" road leads off from the gravel road toward the northeast and extends diagonally across section eleven, to a point one-fourth mile west of the schoolhouse in district number one, where it connects with an improved stone road that runs east and west along the north side of sections ten and eleven, past both of the schoolhouses.

The "act to provide for a general system of common schools," as originally enacted, provided that the township trustees, annually, should "make an enumeration

of the children * * * between the ages of six and twenty-one * * * specifying * * * the number of the school to which such person is attached," and that, "upon making the first enumeration after the taking effect of this act" (in 1865), the trustee "shall inquire of each person whose name he so lists, to which school he or she desires to be attached, and such persons, upon making their selection, shall be considered as forming the school district of the school selected, and none shall be allowed thereafter to attach themselves to or have the privilege of any other school but by consent of the trustee, for good cause shown." Acts 1865 p. 8, §14. Also that any voter not having children of school age in his charge, "by indicating to said trustee his selection of the school to which he desires to be attached, may have his name listed by said trustee, on the enumeration list, and be attached to the school selected, and thus become entitled to the privileges of said school * * *. Such persons, together with the parents, guardians and heads of families mentioned in section 14, and the persons transferred from other townships and attached to said school as provided in sections 14 and 16 of this act, shall be the only persons entitled to vote at the meetings of the school so selected." Acts 1865 p. 8, §15. And that upon request of persons who could be better accommodated in the schools of an adjoining township, town or city, the trustee of the municipality in which they reside may transfer them, and cause their children to be enumerated in such adjoining township, town or city, and cause them to be reported as voters "with the same particularity that is observed in the enumeration." Acts 1865 p. 8, §16.

"The voters as defined in §§14, 15 and 16 of this act, shall meet annually on the first Saturday in October and elect one of their number director of such school

\* \* \* and, in case of failure to elect, the trustee shall forthwith appoint a director of said school. But any director so appointed may be removed upon a petition of three-fourths of the persons attached to said school, who are entitled to vote at school meetings." Acts 1865 p. 8, §26. "The voters at school meetings, as provided in §§14, 15 and 16 of this act, may hold other school meetings at any time, upon a call of the director or any five of such voters," etc. Acts 1865 p. 8, §26.

The foregoing §§14 and 26 were amended in 1873, but the language above quoted from §14 remained unchanged, while the only change made in what is quoted from §26 was the omission of the words "as provided in §§14, 15, and 16 of this act," in describing "the voters at school meetings." Acts 1873 pp. 70, 72, §§4 and 7, §§4472, 4499 R. S. 1881.

Another act passed at the same time purported to repeal §15, *supra,* of the act of 1865, but the title recited a purpose only to "amend" that act, "and adding supplemental sections thereto." And it may well be doubted whether it was repealed for any purpose. Acts 1873 p. 75, §1. See *Carnahan, Trustee,* v. *State, ex rel.* (1900), 155 Ind. 156, 159, 57 N. E. 717.

In 1895, §14 was again amended, and as so amended, it no longer contains the provision as to what the trustee should do in making the "first enumeration," nor the provision that none but those making their selection of a school district at that time shall be considered as forming the school district except "by consent of the trustee, for good cause shown." §6542 Burns 1926, §6447 Burns 1914, §1, ch. 54, Acts 1895 p. 127. But the definition of the school district as consisting of those persons whose children were first enumerated as attached to the school therein, together with those afterward transferred to it, does not seem

ever to have been changed.   There was evidence which sustains the finding that relator and his children were thus attached to school number one at the time school number two was abandoned, and that his children were not "pupils of such abandoned school" within the meaning of Acts 1921 p. 473, §2, which requires the trustee to furnish transportation for all pupils of an abandoned school who live more than a mile and a half from the school to which they are assigned.

Relator's children not being pupils of the abandoned school, that fact barred plaintiff's right to recover, and it is not necessary to decide whether or not the testimony of the trustee sufficiently proved that he did not have funds available to provide for transporting them, as demanded.

The judgment is affirmed.

## ON PETITION FOR REHEARING.

EWBANK, C. J.—This court did not hold that a motion for a *venire de novo* was necessary to bring up for review the failure and refusal of the trial court to find in relator's favor facts of which he had the burden of proof.   It held that there was evidence from which the court could lawfully make the finding that it did. The silence of the special finding as to whether relator's children resided in school district No. 2, and whether the defendant trustee had township funds available to pay the cost of transportation had the same effect as an express finding that they did not reside therein and that he had no such funds, relator having the burden of proof as to those facts.   See authorities cited in the original opinion.

Counsel call attention to the fact that Mr. Philabaum, the township trustee who was in office when the school in district No. 2 was abandoned, to whom relator stated that if his children went to that school, he must get

his wagon and take them down over that mud road and bring them home, testified that he enumerated relator's children in district No. 2, but that he never enumerated them in that district at relator's request.   As modified by the inclusion of this fact, the evidence set out in the original opinion supports the finding that relator's children did not reside in the abandoned school district No. 2, implied from such failure of the special finding to state that they did reside there, and that finding is also supported by further evidence as follows:   That the two children whom relator sought to have hauled to school were aged twelve years and seven years, respectively; that the school in district No. 2 had been abandoned seven years before; that none of relator's children were attending school at No. 2 when the district was abandoned, nor at any time; that relator never asked the trustee who was in office when the school at No. 2 was abandoned to haul his children to school, though that trustee employed a man to haul the children from district No. 2 to the school in No. 1, who did not haul relator's children, and that while relator's children had always attended school in district No. 1, no trustee had ever hauled them to school; that the school wagon which hauls other children from district No. 2 over to the school in No. 1 passes along a road one mile from relator's residence.   And it was also testified that two of relator's children are attending the school at Pennville and go right past the school house at No. 1 on their way to school.

The question for decision in the trial court was one of fact, to determine in which school district the residence of relator was at the time the school was abandoned, where his children were born and where they grew to school age.   It was not at all a question of what district the children or their father elected to claim as his or their residence when

they had reached the age of six or more years. The law fixed the father's residence in the school district in which he or his predecessors in the occupation of his home elected to send children from that home to school, subject to be changed with the joint consent of the school patron and the township trustee. And there was evidence from which the trial court had a right to find, as it did find by omitting to state anything to the contrary in its special finding, that for many years the relator had lived in district No. 1 where he had sent his children to the school during all that time, and that his children were living with him in that district when the school in district No. 2 was abandoned.

Counsel insist that "there was $1,200 available for the purpose of transporting children in Knox township."

6. But the township trustee, Preston Whetsel, testified as follows: That the school township owned a school wagon, with which children were hauled to the school in district No. 1 along the road one mile north of relator's residence; that the township advisory board appropriated the money and the trustee hired a man to drive the wagon; that the man received $3 per day in the forepart of the winter, and $3.25 from January on; that the expense of operating this wagon for the school season runs about $520 for the current year; that not more than $570 was appropriated by the advisory board this year to pay for transporting children; that, after payment of the man so employed, only $30 or $40 of the fund so appropriated will remain; that the estimated expense of hauling children to school in the township for the next year is something like $585.85, and that the township advisory board made up a budget and levied taxes in that amount for said purpose, but none of the taxes so levied has been collected or is available in the current year; and that there are no funds appropriated by the advisory board out of

which to employ some one to transport relator's children to school. This evidence supports the finding that relator failed affirmatively to prove that the trustee had sufficient funds available with which to pay for transporting relator's children to school. And this was not a suit against the advisory board to control its action, neither the board nor any of its members being parties.

Counsel for relator suggest that a recital of evidence in his original brief that $1,200 of the special school fund was appropriated for "miscellaneous expenses," and that the cost of transporting pupils was payable from the amount so appropriated, made it the duty of the Supreme Court to proceed on the assumption that $1,200 was available for the transportation of pupils, since appellee did not suggest the contrary. But appellant's brief also set out much of the evidence given by the township trustee, above referred to. And it is not only the right but the duty of this court to search the record for facts on which to affirm a judgment, in case, by any means, it shall learn that appellant's brief falls short of stating fully and accurately all matters that are pertinent to a correct determination of the appeal. *Martin* v. *Martin* (1881), 74 Ind. 207, 210; *Travelers Ins. Co.* v. *Prairie School Tp.* (1898), 151 Ind. 36, 41, 51 N. E. 100; *Kraus* v. *Lehman* (1908), 170 Ind. 408, 414, 415, 83 N. E. 714, 15 Ann. Cas. 849.

Relator, having the burden of proof, cannot be said to have established either of the alleged facts that the township trustee had funds available, or that relator and his children resided in school district No. 2, by such clear and uncontradicted evidence as to justify a reversal of the finding by the trial court to the contrary.

The petition for a rehearing is overruled.