PAUL ET AL. *v.* WALKERTON WOODLAWN CEMETERY ASSOCIATION.

[No. 25,687. Filed February 20, 1933. Rehearing denied May 16, 1933.]

694

*William J. Reed,* for appellants.

*Roy Sheneman,* for appellee.

MYERS, J.—Appellee, an incorporated cemetery, by its board of directors, acting upon the alleged authority of §4560 Burns 1926, §4, Acts 1875, p. 23, and in compliance with its by-laws, assessed 103 lots belonging to appellants, which lots were within the boundaries and a part of the cemetery grounds dedicated to the burial of the dead. This action was instituted to collect that assessment aggregating $309. Demurrer to the complaint for want of facts overruled. Answer in three paragraphs, the first a general denial and demurrer for want of facts sustained to the second and third. Trial, special finding of facts and conclusions of law. Motion for a new trial overruled and judgment in favor of appellee for $309, from which judgment appellants prosecuted this appeal. Errors assigned and not waived are action of the court in overruling the demurrer to the complaint and in overruling the motion for a new trial.

This case was commenced in the St. Joseph Superior

Court and, on change of venue, sent to the LaPorte Circuit Court. Appellee first insists that no question is presented on the demurrer to the complaint for the reason that neither the complaint or the demurrer thereto, filed in the St. Joseph Superior Court, are sufficiently identified or authenticated to make them a part of the record of the LaPorte Circuit Court. This omission was corrected by the clerk below in obedience to a writ of certiorari issued by this court.

Appellee next insists that the praecipe fails to call for the complaint and the demurrer, and that it is not copied into appellants' brief, and for these reasons any question on the demurrer to the complaint is not presented. Although the praecipe, as well as the clerk's certificate, are a part of the record on appeal, it is not essential that either be incorporated into appellants' brief. The burden is always on the appellant to present a transcript or record disclosing prejudicial error, otherwise the appeal must fail. *Bennett* v. *State* (1919), 188 Ind. 380, 123 N. E. 797. Appellee's asserted omission of the praecipe in appellants' brief should have been supported by a copy of the praecipe in its brief, as we will presume, in the absence of a showing to the contrary that the clerk has complied with the praecipe and the transcript is correctly brought to our attention by appellants' brief. However, in view of appellee's attack on the praecipe, submitted to prevent a consideration of the demurrer to the complaint, we are justified in invoking the rule of searching the record to affirm the judgment. *State, ex rel.,* v. *Whetsel, Trustee* (1926), 197 Ind. 278, 288, 149 N. E. 369, 150 N. E. 766; *Hogston* v. *Bell* (1916), 185 Ind. 536, 552, 112 N. E. 883. This we have done and find that the praecipe requested the clerk to "prepare a transcript of the record of the proceedings in the above entitled cause and to include

therein all papers and pleadings filed and on file, the order-book entries, etc." This praecipe sufficiently meets appellee's challenge without giving it a liberal construction to which it would be entitled. In *Powell* v. *Bunger* (1883), 91 Ind. 64, 72, it was said: "This court will not be prevented by informality or omission in the appellants' written directions for a transcript, from looking into any portion of the record before it, as may become necessary to a proper decision of the cause." See, also, *Sherrin* v. *Flinn* (1900), 155 Ind. 422, 425, 58 N. E. 549.

Appellants, in their brief, have furnished us a copy of the complaint and the demurrer. Three of the seven specifications in the memorandum attached to the demurrer, and the only ones not waived, may be included in the statement that the statute under which appellee was organized and is assuming to operate is unconstitutional, and that the complaint fails to allege that the lots on which plaintiff seeks to collect the assessment are occupied or used for the burial of the dead.

As to the constitutional question, the demurrer did not call the trial court's attention to any constitutional provision claimed to be violated by the statute. Since it is the function of this court to decide only such questions of law on appeal as were presented to the trial court, we would not, therefore, be justified in assuming that the constitutional question as here submitted for decision rested upon the same constitutional provision in the trial court. The uncertainty of the treatment of this question below and here is somewhat emphasized by appellants' brief, wherein under the head of "Points and Authorities" they assert that the statute upon which appellee relies is unconstitutional for the reason that it "seeks to take property without *due process of law*" (our italics), citing Art. 1, §12, Indiana Constitution. This section provides that "every

man, for injury done him in his person, property or reputation, shall have remedy by *due course of law.*" (Our italics.) Both the Fifth and Fourteenth Amendments to our federal Constitution have a "due process of law" clause, and conceding that the phrase "due process of law" and the phrase "due course of law" may be treated as synonymous it is possible that appellants may have relied upon either the Fifth or Fourteenth Amendments in support of their demurrer below, and in this court, §12, supra. Inasmuch as the Fifth Amendment places restrictions on the powers of the national government only, it would follow that the statute here in question was not forbidden by that amendment. While the Fourteenth Amendment and §12 of our Bill of Rights each inhibit the state from depriving a person of his property without due process of law, or, as our state Constitution puts it, "due course of law," yet the general assertion in a memorandum to a demurrer that a statute is unconstitutional does not meet the rule of particularity in pleading so as to require the trial court to seek out the particular constitutional provision the pleader has in mind. As said in *Simmons* v. *Simmons* (1917), 186 Ind. 575, 577, 116 N. E. 49, 50: "Courts will not search the Constitutions to find authority to overthrow a legislative enactment." Se also *Luttrell* v. *State* (1932), *ante* 116, 183 N. E. 318. For the reasons stated the constitutional question here sought to be presented is not before us.

Notwithstanding the record at bar does not disclose the constitutional provision urged upon the trial court in support of appellants' position here that Chap. 11, Acts 1875, p. 23, the first section of which was amended, Acts 1879, p. 84, is unconstitutional, and in view of possible further litigation between these parties, unless we give some expression on this question, we would briefly suggest that as we are at present advised neither the

enactment as a whole or the section thereof upon which the assessments in the instant case were made is within the inhibition of the "due process of law" clause of the Fourteenth Amendment, or the "due course of law" clause in §12 of our Bill of Rights. The enactment, the validity of which appellants would question and under which appellee was incorporated, provides that it shall be managed by a board of directors, stating the manner of their election and defining "their duties, powers and obligations," among which they are "empowered to assess, levy and collect" assessments on the lots of the cemetery of which they have charge "for the purpose of improving, maintaining, protecting and enlarging its boundaries, beautifying its grounds or for enhancing its convenience as is, in their judgment, desirable. Such assessments may be collected by suit or sale of lots on which assessments have been made and are not paid, according to the regulations made and ordered by said directors: Provided, however, That the total amount of any such assessments made in any one year shall not exceed twenty per cent of the value of the lot or lots assessed at the time of making such assessment."

From the complaint it appears that the assessments in question were made for the purpose of improving, protecting and beautifying the grounds of the cemetery; that the board of directors of appellee had theretofore adopted regulations in the form of by-laws for the collection of lot assessments, to which there is no claim of unreasonableness; that these regulations in the instant case were followed; that the assessment on each lot was less than twenty per cent of its value. Appellants' lots, when assessed, were a part of an addition and included in the incorporated territory of the cemetery under the jurisdiction, supervision and management of appellee. Without repeating the expressed statutory duties and powers and objects

to be attained by the board of directors in the management of the incorporated cemetery, as here, it will suffice to say that such an incorporated entity, being of public interest and of general public welfare, may call to its aid for the enforcement of its statutory authorizations a power which is inherent in the very nature of the corporation. This power, known as the police power primarily inherent in the state, may be delegated by the state to an entity of its creation and will be so regarded when necessary to carry forward an enterprise of public interest and general welfare. In our opinion, the question appellants would have us decide is within the foregoing legal principle, and this being true the restrictions, if any, placed upon, or the assessments made against appellants' lots within the limits of appellee's charter would not be in derogation of the due process clause of either our federal or state Constitutions, and this is true where, as here, ample notice is required and an opportunity to be heard in a court of justice concerning the validity of the assessment before being required to pay the same. *Kizer* v. *Town of Winchester* (1895), 141 Ind. 694, 40 N. E. 265; *Harmon* v. *Bolley* (1918), 187 Ind. 511, 521, 522, 120 N. E. 33, 2 L. R. A. 609.

It is next insisted that the complaint is insufficient for the reason it fails to allege that the lots assessed were occupied or used for the burial of the dead. The complaint alleges, in substance, that all of appellants' lots were burial lots, and at the time of the incorporation of appellee were and now are a part of the cemetery under the control and management of appellee for cemetery purposes. Appellants unquestionably knew from the facts set forth in the complaint that appellee, for its authority to make the assessment in question and to enforce payment thereof, was relying on §§4557-4562 Burns 1926. They were apprised "in plain

and concise language" of the cause of action they would be called upon to meet, and that is all our civil code on pleading requires. Sec. 359 Burns 1926, Cl. 2, Acts 1881, Sp. S., p. 240. The action of the court in overruling the demurrer is sustained.

Appellants, in support of their motion for a new trial, insist that the court erred in admitting in evidence, over their objection, certain exhibits and oral evidence offered by appellee. The evidence claimed to be improperly admitted consists: (1) in the admission of Exhibit No. 3, being the order of the board of county commissioners incorporating appellee; (2) Exhibit No. 9, a certified copy of the minutes of the meeting of appellee's directors showing the assessment of appellants' lots; (3) oral evidence that appellants owned the lots assessed; and (4) oral evidence that the assessment in question was the only assessment levied on appellants' lots in 1927.

The objection urged against admitting Exhibit No. 3 in evidence was that it purports to be the original order of the board of county commissioners of St. Joseph County incorporating appellee, when, under the law, such orders are required to be incorporated in a record provided by the state for that purpose, and consequently the instrument offered must be a copy, although it is not so exemplified. The auditor of St. Joseph County certified "that the annexed is the original order made by the board of commissioners of said county July 19, 1926, in the matter of the petition of Bernhard Goppert et al. for a cemetery association and the incorporation of Walkerton Woodlawn Cemetery." True, this exhibit was not authenticated as a copy of the commissioners' record incorporating Walkerton Woodlawn Cemetery, as required by either §508 or §5933 Burns 1926, in order to make it admissible in evidence. It was, however, verified by the auditor as

the original order of the commissioners. Assuming, as we must, for aught appearing that the auditor's certificate speaks the truth the inference naturally follows that the order incorporating the cemetery was actually made in writing and signed by the commissioners, as shown by the order copied into the transcript at bar. We are not unmindful that a board of county commissioners is a court of record, and as to all of its judicial acts it speaks by its record. *Board of Commissioners* v. *Cutler* (1855), 7 Ind. 6; *McCabe* v. *Board of Comm'rs* (1874), 46 Ind. 380; *Brooks* v. *Morgan* (1905), 36 Ind. App. 672, 677, 76 N. E. 331. But when the subject of inquiry calls for the exercise of administrative power alone, a duty which may be enjoined on such board by law (§5931, Cl. 4, Burns 1926; Art. 6, §10, Constitution of Indiana), its action thereon may be otherwise shown. *Halstead et al.* v. *Board of Comm'rs* (1877), 56 Ind. 363, 375; *Board of Comm'rs* v. *Ritter et al.* (1883), 90 Ind. 362, 370; *Eder* v. *Kreiter* (1907), 40 Ind. App. 542, 82 N. E. 552. Especially is this true where, as here, the statute does not require the board of commissioners to spread the order incorporating a cemetery upon its records. *Board, etc.*, v. *Garrigus* (1905), 164 Ind. 589, 606, 73 N. E. 82, 74 N. E. 249. The power to incorporate cemeteries, upon petition in compliance with the statute, as we have seen, is an administrative authority conferred on the board of county commissioners similar in character to that imposed upon the secretary of state by legislative enactments under which corporations may be created. Appellants' objections were not well taken.

Exhibit No. 9 was challenged on the ground that it is not shown that the minutes of which this exhibit purports to be a copy were kept by the president of appellee, or that he made the minutes, or that he was the custodian of them, or that he made the purported copy proposed to be introduced, or that

it is true and correct, and further because the minutes themselves are the best evidence. All of the foregoing objections, except the last one, involve the question of the competency of appellee's president to make the sworn copy of the proceedings of its board of directors qualifying it for admission in evidence. The affidavit of the president in the instant case is in strict conformity with the statute, §526 Burns 1926, which provides that: "The acts and proceedings of corporations may be proved by a sworn copy of the record of such acts and proceedings. The oath shall state that such transcript is a true and full copy of the original, and that such original has remained unaltered from its date, to the best of deponent's knowledge and belief. Such sworn copies shall be received as evidence in all cases where the original would be evidence."

Appellants' last specific objection to the introduction in evidence of Exhibit No. 9 would indicate, and correctly so, that the original minutes were admissible, and since the statute is general as to who may make the "sworn copy of the record" we hold that this may be done, as in this case, by the president.

As to the oral evidence pertaining to the ownership of the 103 lots assessed, admitted over the objection that the deed record of St. Joseph County is the best evidence, it is sufficient to say that these lots, like all others within the incorporated territory, were dedicated for a specific use—burial of the dead, and while appellants have a property right in the lots which they may convey or assign, recognized and protected by the law from illegal invasion and unlawful acts by whomsoever committed, not excepting the directors, agents or representatives of appellee, yet such right is subject to the statutory powers conferred upon and the reasonable rules and regulations promulgated by the proper officers of the corporation having supervision over them.

In many respects, the relation of appellee and appellants is that of corporation and stockholder, the interest of the latter in the former being represented by lots instead of shares of stock. *Close* v. *Glenwood Cemetery* (1882), 107 U. S. 466, 475, 2 S. Ct. 267, 27 L. Ed. 408. In view of the issue on trial, appellants were not harmed by the oral statement of a witness as to the number of lots in the incorporated territory standing in their name.

Over the objection that the "records of the corporation would be the best evidence" the court heard testimony that but one assessment on the cemetery lots was made in 1927. The court did not err in admitting this evidence.

Lastly, insufficient evidence to support certain findings of the court is claimed. This insistence is based upon the elimination of certain items of evidence asserted to have been erroneously received. We have considered appellants' critical onslaught on the trial court's ruling admitting these items without finding any meritorious reason why they were wrong, or why the questioned evidence was improperly admitted. The findings of the court were sustained by the evidence.

Judgment affirmed.