HARMON *v.* HARMON ET AL.

[No. 17,376.   Filed October 9, 1945.]

*Allan S. Gould,* of Chicago, Illinois, for appellant.

*William J. McAleer, Francis J. Dorsey* and *William L. Travis,* of Hammond, for appellees.

ROYSE, C. J.—James Harmon, while an employee of appellee Harbison-Walker Refractories Company (hereinafter designated as appellee employer), and as a result of such employment, contracted an occupational disease known as silicosis, which became complicated with tuberculosis, causing his death on August 12, 1942. Appellant herein, as the widow and alleged sole dependent of said decedent, filed her petition with the Industrial Board for compensation under the Indiana Workmen's Occupational Diseases Act. Thereafter, appellee employer appealed said award to this court and we affirmed

the award. *Harbison-Walker Refractories Co.* v. *Harmon* (1943), 114 Ind. App. 144, 51 N. E. (2d) 398.

On or about July 15, 1944, appellees James H. Harmon, Jr., Arthur Harmon and Walter Harmon (hereinafter referred to as the minor appellees) filed their complaint against appellant and appellee employer on Industrial Board Form No. 116, and a separate petition to set aside the award of the Industrial Board in favor of appellant because of a mistake of fact. This complaint and petition alleged, in substance, that the decedent was married, prior to his marriage to appellant, to one Lola Truttling, and as the fruits of said first marriage left surviving him at the time of his death said minor appellees, who were at said time of the respective ages of 13-9/12 years, 12-5/12 years and 10-1/2 years. There was a hearing by a single member of the Industrial Board who found in favor of minor appellees. Thereafter, appellant and appellee employer filed their petition on Industrial Board Form No. 16 for review by the Full Industrial Board of said award. Said appellee employer also filed an additional and supplemental petition for review by the Full Board.

The Full Industrial Board found, in substance, that the decedent at the time of his death left surviving him, in addition to the appellant, said minor appellees, children by a former wife, who were wholly dependent on him, and that they were residing with their maternal grandparents in Alabama. It further found that appellant had, up to and including July 6, 1944, received the sum of $1725.19 on the award, which was more than her share of compensation due on account of the death of decedent.

The award of the Full Industrial Board is as follows:

"It is therefore considered, ordered and adjudged by the Full Industrial Board of Indiana, by a ma-

jority of its members, that the Full Industrial Board's award dated the 7th day of January, 1944, should be and the same is hereby modified in this, to-wit: that there be awarded James Harmon, Jr., Arthur Harmon, and Walter Harmon, in equal shares, as against the defendant, Harbison-Walker Refractories Co., compensation at the rate of $12.375 per week, beginning the 14th day of August 1942, for a period not exceeding 300 weeks, or until terminated in accordance with the provisions of the Indiana Workmen's Occupational Diseases Act and not to exceed the sum of $3,712.50.

"It is further found that the said Jeanne Harmon shall not be entitled to any further payments of compensation on account of the death of the said James Harmon.

"It is further ordered that all payments of compensation under this award due and payable to the said plaintiffs shall be paid to a legal guardian duly appointed by a Court of competent jurisdiction in Russell County, Alabama.

"It is further ordered that the attorney fees for the attorney representing James Harmon, Jr., Arthur Harmon, and Walter Harmon, shall be: a minimum fee of $10.00, and in addition thereto 10% upon the first $1,000.00 or fraction thereof recovered; 5% upon the second $1,000.00 or fraction thereof recovered; and 2½% upon all sums in excess thereof, and that said attorney's fees should be paid by the defendant direct to Frank E. Keenan, attorney of record for the said minors, in cash and in a lump sum, the defendant to have credit against the compensation herein awarded said minors for all sums paid out as attorney's fees in accordance with this award.

"It is further ordered that the defendants shall pay the costs, if any, taxed in this cause.

"Dated this 24 day of February, 1945."

From this award appellant has appealed to this court. Appellee employer did not join in the appeal from said award nor did it assign cross-errors. Appellant assigns

the statutory assignment of error here, that the finding and award of the Full Industrial Board is contrary to law. Under this assignment she contends the evidence is insufficient to sustain the findings of fact and the award, in that it does not prove the marriage of decedent and his first wife, the birth of the minor appellees, their legitimacy, or their dependency or the degree thereof. Appellant further contends the Industrial Board has no legal authority to make such an award as made herein.

Appellee employer in its brief, says that it endorses and concurs in appellant's contention with reference to the insufficiency of the evidence to sustain the findings of fact and the award. Said appellee employer further contends the Industrial Board erred in its award by imposing an amount of liability to be paid by it greater than authorized by law.

The minor appellees have not filed a brief in this court. It is not only the right but the duty of this court to search the record to affirm a judgment. *State ex rel. Garn* v. *Board, etc.* (1906), 167 Ind. 276, 78 N. E. 1016; *Hogston* v. *Bell* (1916), 185 Ind. 536, 112 N. E. 883; *Vandalia Coal Co.* v. *Ringo, Admr.* (1916), 63 Ind. App. 323, 114 N. E. 466; *Davis, Director* v. *Steele* (1925), 83 Ind. App. 300, 147 N. E. 632; *State ex rel. Taylor* v. *Whetsel, Trustee* (1926), 197 Ind. 278, 149 N. E. 369, 150 N. E. 766; *White* v. *White* (1935), 208 Ind. 314, 194 N. E. 355, 196 N. E. 95; *Coca Cola Bottling Co.* v. *Wheeler* (1935), 99 Ind. App. 502, 193 N. E. 385. This is particularly true where, as in this case, the interests of those particular favorites of the law, orphans, are at stake.

In order to pass upon the questions presented it is necessary we consider that evidence most favorable to

the minor appellees. The record discloses the brother of the decedent's first wife (Lola Truttling) testified he and his wife were present at the home of his father in Pittsview, Alabama, when his sister and the decedent were married. Some time after this marriage they moved to East Chicago, Indiana, where they lived as husband and wife for many years. All of the minor appellees were born in East Chicago. There was evidence from a neighbor and the physician who delivered two of the children that the decedent and said Lola Truttling lived together as husband and wife and frequently referred to each other as such. There is also evidence in the record that for a period of several years while decedent, his first wife, and the minor appellees lived as one family in an apartment building in East Chicago, the appellant herein lived with her first husband in the same apartment building. The record discloses the decedent and his first wife separated in the early part of 1936. Decedent sent her and their children back to her father's home in Alabama. The first wife died in the latter part of the year 1936. The decedent failed to provide for the support of his children and their maternal grandfather and uncle, although financially unable to do so, had to care for them.

We are of the opinion this evidence is amply sufficient to sustain the finding of the Board that the minor appellees were the children of the decedent by his marriage to Lola Truttling.

It is provided by § 40-2207-(b)-(4), Burns' 1940 Replacement which refers to persons who are wholly dependent, as follows:

"A child under the age of eighteen (18) years upon the parent with whom he or she may not be living at the time of the disablement of such parent,

but upon whom, at such time, the laws of the state impose the obligation to support such child."

There is a moral as well as a legal obligation imposed upon a father to support his minor children. This court has held that even where another has assumed the moral obligation to support a child, the legal obligation still remains with the father. *Vigo Am. Clay Co.* v. *Kelley, Gdn.* (1925), 82 Ind. App. 675, 147 N. E. 301. Divorce does not remove this obligation. *Denning* v. *Star Publishing Co.* (1931), 94 Ind. App. 300, 180 N. E. 685; *Huff* v. *Merchants Parcel Delivery Co., Inc.* (1939), 106 Ind. App. 110, 18 N. E. (2d) 471. Certainly it cannot be seriously contended that a father may relieve himself of this obligation by shipping his children out of the state and refusing to contribute to their support. We are of the opinion the minor appellees were wholly dependent on the decedent.

Appellant next contends the Industrial Board was without authority to make the award it did in this case because it gives a preference to the minor appellees over her. With this contention we cannot agree. It is provided, in part, in Subd. (5) of § 40-2207-(b), Burns' 1940 Replacement, as follows:

"If there is more than one (1) person wholly dependent, the death benefit shall be divided equally among them."

It is further provided by Subd. (i) of § 40-2220, Burns' 1940 Replacement, as follows:

"The power and jurisdiction of the industrial board over each case shall be continuing, and, from time to time, it may, upon its own motion, or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded,

either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act. When compensation which is payable in accordance with an award or settlement contract approved by the industrial commission, is ordered paid in a lump sum by the commission, no review shall be had as in this paragraph mentioned.

"Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. *No such modification shall affect the previous award as to any money paid thereunder.* (Our emphasis.)

"The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of one (1) year from the termination of the compensation period fixed in the original award, made either by agreement or upon hearing. *The board may, at any time, correct any clerical error or mistake of fact in any finding or award.* (Our emphasis.)"

Upon the death of the decedent as the result of an occupational disease, appellant and the minor appellees were all equally entitled to the compensation provided by the Indiana Workmen's Occupational Diseases Act. Sec. 40-2207, *supra.* The appellant filed her claim for compensation. In her application she made no reference to decedent's children, although she lived for several years in the same apartment building where they resided with their parents. Obviously the Industrial Board and the appellee employer had no way of knowing there were such children. But the fact remains that at the time of his death the decedent left surviving him, in addition to his widow, three children under the age of 18 years who were, by statute, entitled to share in the compensation therein provided. Therefore, the original award of the Industrial Board granting the appellant alone compensation was based on a mistake

of fact. By the express provision of the statute herein-before quoted the Industrial Board not only had the authority but it was its duty to correct this mistake of fact.

As the result of the appellee employer's appeal of the original award (*Harbison-Walker Refractories Co.* v. *Harmon, supra*), the maximum amount of compensation was increased 5%, which increased said sum to $5250. It is agreed by all of the parties that up to the time these proceedings were commenced the appellant had received on the original award the sum of $1725.19. Therefore she has thus far received more than one-fourth of the total maximum amount of compensation payable if all of the dependents continue to be dependent under the statute until said full amount has been paid. The minor appellees have received nothing. Under the statute the Industrial Board did not have the authority to make any modification as to payments which had been made under its original award. But it does have the authority to modify such an award with respect to future payments and/or to whom they shall be made. On the record in this case the Industrial Board was correct in directing that further payments to appellant should be stopped and all future payments of compensation should be made to the legal guardian of said minor appellees.

Appellee employer contends the Industrial Board erred in the amount of compensation awarded to the minor appellees. It is well established that errors committed against an appellee will not be noticed for any purpose unless brought to the Appellate tribunal by an assignment of cross-errors. Elliott's Appellate Procedure, p. 354; *The Evansville and Terre Haute Railroad Company* v. *Mosier* (1888), 114 Ind. 447, 450, 17 N. E. 109; *State ex rel* v. *Carey* (1909),

44 Ind. App. 659, 663, 84 N. E. 761, 87 N. E. 670; *Newton* v. *Wyatt* (1934), 98 Ind. App. 177, 188, 188 N. E. 697; *Medias* v. *City of Indianapolis* (1939), 216 Ind. 155, 158, 23 N. E. (2d) 590. Therefore, appellee has presented no question.

The award of the Industrial Board is affirmed.

Crumpacker, P. J.—Dissents, with opinion.

NOTE.—Reported in 62 N. E. (2d) 880.

## DISSENTING OPINION

CRUMPACKER, P. J.—I agree with the majority in all particulars except as to the concluding sentence of its opinion which reads as follows: "Appellee employer contends the Industrial Board erred in the amount of compensation awarded to the minor appellees. It is well established that errors committed against an appellee will not be noticed for any purpose unless brought to the appellate tribunal by an assignment of cross-errors." I concede that this is the accurate statement of a well recognized and firmly established rule of appellate court practice but, in my opinion, the facts in the present case forbid its application.

The records and briefs of counsel disclose that the award of the Industrial Board is in an amount exceeding its statutory authority to make. This is a death claim and under no circumstances had the Industrial Board jurisdiction to make an award in the principal amount of over $5000.00, yet it has done so, the statute to the contrary notwithstanding. The majority knows this yet it chooses to close its eyes to the situation because the appellee employer filed no assignment of cross-errors through which the matter is technically brought to our attention and because the appellant, though properly raising the question, is in no position to complain. Thus

this court approves what it knows to be, in part at least, an *ultra vires* award and sanctions the Industrial Board in its disregard of its jurisdictional limitation. In my opinion we have no more jurisdiction to affirm this award in its entirety than the Industrial Board had to make it. The parties, by conduct, consent or agreement, could not vest jurisdiction in the Industrial Board to make an award in this case in excess of $5000.00 nor do their conduct and failures in this appeal justify us in sanctioning the Industrial Board in what amounts to the setting aside of an act of the legislature. In my opinion this case should be remanded with instructions to amend the award by remitting from the principal sum all excess over $5000.00.

NOTE.—Reported in 62 N. E. (2d) 880.