## BYERS ET AL. v. McCARTNEY, EX'R, ET AL.

1. **Corporations for Religious Purposes:** HOW LONG THEY CONTINUE. Whether the limitations placed by the statute upon the endurance of corporations for pecuniary profit apply to religious corporations, *quære*.

2. **Will:** DEVISE TO UNINCORPORATED CHURCH: HOW FAR VALID. Where there is a devise of real estate to a church incapable of taking the title, because not incorporated, the devise is not void, but the legal title descends to the heirs, charged with the trust, which they will be required to execute; or a court of equity will appoint a trustee to execute the

trust, until the church becomes incorporated, and acquires the capacity to hold the legal title; following *Johnson v. Mayne*, 4 Iowa, 180; but the church in such case cannot take more than one-fourth of the estate of a testator who leaves a wife, child or parent. Code, § 1101.

## *Appeal from Jefferson Circuit Court.*

### MONDAY, DECEMBER 10.

IN August, 1877, Mary Byers executed her last will and testament, devising all her property, both real and personal, after the payment of debts and funeral expenses, to the Presbyterian church at Libertyville, Jefferson county, Iowa, and appointing the defendant, W. R. McCartney, executor. At the time of her death she owned certain real estate in question. The will was duly admitted to probate. In June, 1879, the plaintiffs, who are children of Mary Byers, deceased, commenced this action, alleging that the devises in the will of Mary Byers are contrary to statute, and that there is no beneficiary or devisee named in the will legally able and competent under the law to take a devise, and praying that the will be set aside, and that the defendant be ordered to pay the plaintiffs the proceeds of the estate. The court granted the relief prayed. The defendant appeals.

*Jas. R. McCrackin* and *Leggett & McKemey*, for appellant.

*Ratcliff & McCoy*, for appellees.

DAY, CH. J.—The cause was submitted upon an agreed statement of facts, from which it appears that the Presbyterian church of Libertyville was organized and incorporated on the 28th day of May, 1855, and that it has kept up its organization, and exercised all the privileges and franchises of a corporation, to the present time. The plaintiffs insist that the corporate existence of the church in question ceased upon the lapse of twenty years from the date of its incorporation, to wit, on the 28th day of May, 1875. The plaint-

iffs rely for this position upon Code of 1851, section 681; Revision, section 1158; Code of 1873, section 1069. This section is as follows: "Corporations for the construction of any work of internal improvement may be formed to endure fifty years; those formed for other purposes can not exceed twenty years in duration; but in either case they may be renewed from time to time for periods not greater respectively. than was at first permissible, provided three-fourths of the votes cast at any regular election for that purpose be in favor of such renewal, and provided, also, that those thus wishing a renewal will purchase the stock of those opposed to the renewal, at its fair current value." In the Code of 1851, the Revision, and the Code of 1873, this section occurs in the chapter on corporations for pecuniary profit. Section 708 of the Code of 1851 provides: "Corporations for the establishment of seminaries of learning, churches, lyceums, libraries, agricultural societies, and for other lawful purposes unconnected with motives of pecuniary profit, may be formed in the manner directed in the preceding chapter, so far as applicable, and the provisions of that chapter are extended to them, except as herein modified."

Section 1187 of the Revision is the same, and section 1091 of the Code of 1873 is substantially the same. It is said by the appellants that section 681 of the Code is not applicable to corporations not formed for pecuniary profit, and that, consequently, by express provision of section 708, it does not apply to such corporations.

As now advised, this court is not agreed upon this question, and we do not deem its determination essential to a disposition of this case. The defendants insist that it is not necessary that the church in question should be incorporated, in order to take the benefits of the devise in question. The defendants rely upon *Miller v. Chittenden*, 2 Iowa, 315; s. c. 4 Id., 252; and *Johnson v. Mayne*, 4 Id., 180. The latter case is more directly in point. The doctrine of that case, and of the authorities which it cites and approves, is that. when there is a devise of real estate to a church or

society incapable of taking the legal title simply because of not being incorporated, the devise is not void, and the estate devised does not descend unincumbered to the heirs, but a trust is created for the benefit of the church, and the legal title devolves upon the heirs charged with the trust, which they will be required to execute; or a court of equity will appoint a trustee to execute the trust until the society becomes incorporated and acquires capacity to hold the legal title.    We think this case announces the correct doctrine. It follows that the plaintiffs are not entitled to have the devise declared void, and the estate vested in them, even if the church in question was not an incorporated body.

II.    Section 1101 of the Code of 1873, which is found in the chapter upon corporations other than for pecuniary profit, provides:  "Any corporation formed under this chap-- ter shall be capable of taking, holding or receiving property by virtue of any devise or bequest contained in any last will or testament of any person whatsoever, but no person having a wife, child or parent shall devise or bequeath to such institution or corporation more than one-fourth of his estate, after the payment of his debts, and such devise or bequest shall be valid only to the extent of such one-fourth.    The plaintiffs insist that, as Mary Byers left children, the devise can in no event be enforced to the extent of more than one-fourth of her estate.    Upon the other hand, the defendants insist that the church in question was not incorporated under the chapter referred to in section 1101, and that, therefore, that section does not apply.    It would be anoma-lous if a church by refusing to incorporate could evade the provisions of that section.    The section refers to such insti-tution or corporation.    The words, "such institution," we think, refer to the associations named in section 1091 of the Code, and such associations, whether incorporated or not, it seems to us, can not take by will more than one-fourth of the estate of a testator, who leaves a wife, child or parent. Because the court held the will wholly void, the judgment is

REVERSED.