NINA MEEKER et al., Appellants, v. C. E. LAWRENCE, Executor, et al., Appellees.

TRUSTS: Express Trusts—Validity. A testamentary trust will be sustained when the intent of testator is evident, even though the bequest runs to an unincorporated entity. (See Book of Anno., Vol. 1, Sec. 10049, Anno. 84.)

Headnote 1: 39 Cyc. p. 35; 40 Cyc. p. 1820.

Headnote 1: 26 R. C. L. 1204.

*Appeal from Hardin District Court.*—B. R. BRYSON, Judge.

MARCH 15, 1927.

Suit by next of kin against executor and legatees for funds alleged to have been paid on a void bequest. Motion to dismiss was sustained, and plaintiffs appeal.—*Affirmed.*

*E. H. Lundy, R. R. Bateson,* and *W. T. Bennett,* for appellants.

*Peisen & Soper*, for appellees.

MORLING, J.—The bequest attacked is as follows:

"I give, devise and bequeath all the rest, residue and re-mainder of my estate, to the Union Cemetery owned by the Ladies Cemetery Ass'n., of Union, Iowa."

The plaintiffs allege that:

"The parties interested in said estate of said Lavicy Whitmore are numerous, and the whereabouts    *    *    *    and the names of some of them are unknown at this time, and plaintiffs bring this action for themselves and for all the lawful heirs of the said Lavicy Whitmore, deceased."

It is alleged that the Union Cemetery is not a corporation or association of any kind, but is in fact simply a graveyard; that the defendant Ladies Cemetery Association is a corporation not for pecuniary profit, and does not have power to receive bequests; that defendant Cora E. Chapin pretended to act as treasurer of the association; and that there have come into her possession from the executor certificates of deposit belonging to the estate amounting to $2,600, and an additional sum of $75.93. Plaintiffs pray that the executor and Cora E. Chapin be required to account for the funds, and that the will be construed to show that the Union Cemetery has no right to the properties of the estate and that the plaintiffs are entitled to them.

I. It is claimed that the motion to dismiss is a speaking demurrer. It sufficiently speaks to the allegations of the petition, and is not dependent upon additional facts alleged in it. The statements of the motion are reasons (shown by the face of the petition) assigned for asking to have the petition dismissed. It is not denied that those reasons are sufficiently explicit.

II. It is argued, in substance, that the bequest is not to the Ladies Cemetery Association, but that the gift is to the Union Cemetery, which is only a tract of land; that no charitable purpose is expressed; and that a cemetery association is not a charitable organization.

The plain meaning of the testatrix was to give the remainder of her estate for the benefit of the cemetery named. The Ladies Cemetery Association is the owner of it, and sufficiently indicated as the legatee. The plaintiffs allege that it is a corpora-

tion not for pecuniary profit. The validity of bequests to cemetery associations is expressly recognized by the statutes of the state.   Code Supplement, 1913, Section 1481-a1; Chapter 38, Section 3, Acts of the Thirty-ninth General Assembly; Code of 1924, Section 7308; Chapter 5-A, Title III, Code Supplement, 1913; Chapter 446, Code of 1924.   Corporations not for pecuniary profit may take by bequest property appropriate to their creation.   Code Supplement, 1913, Section 1643; Code. of 1924, Section 8583.   The bequest is a charitable one.   *Chapman v. Newell*, 146 Iowa 415.   The intent of the testator plainly appears, and if it were necessary, the court would appoint a trustee to execute the bequest.   *In re Estate of Durham*, 203 Iowa ——. Lack of corporate capacity of the beneficiary, if there were such, would not entitle the plaintiffs to have the bequest held void. *Lewis v. Curnutt*, 130 Iowa 423; *Byers v. McCartney*, 62 Iowa 339.   There is no equity in the petition, and it was properly dismissed.

The judgment is—*Affirmed*.

EVANS, C. J., and DE GRAFF and ALBERT, JJ., concur.