A. P. Hipp, Jr., Appellant, v. Robert R. Hibbs, Trustee, Appellee.

No. 41561.

November 15, 1932.

J. M. Dower, for appellant.

E. J. Sullivan and Wallace & Claypool, for appellee.

Stevens, C. J.—A. P. Hipp died testate in Iowa County on or about July 10, 1927. His will was duly admitted to probate and his estate has been finally settled. Paragraph 3 of his will bequeaths $1,000.00 to trustees to be used in the maintenance and improvement of his cemetery lot as follows:

"Third. I direct my trustees to set aside the sum of one thousand dollars, to be by them and their successors loaned and invested, the income to furnish a fund to be used in keeping in good condition my said cemetery lot and such improvements as shall at any time be thereon, and to buy flowers which shall be placed in said vases and on the graves each season."

By Paragraph 13 of the will, the bequest is made perpetual:

"Thirteenth. To avoid uncertainty in the construction of this will I expressly provide that the provisions of paragraph third hereof, as to a fund for the care of my cemetery lot, is intended to create and require the perpetual maintenance of said fund."

This action is to construe the foregoing provisions of the will. They are attacked upon the ground that they violate Section 10127 of the Code of 1924, relating to perpetuities, and Section 11848 of

the Code, relating to bequests to or for the use of a certain class of corporations. The court decreed that the paragraphs of the will in question are void, but held that the fund bequeathed to trustees for the purpose indicated passed under the residuary clause of the will. It is from the latter ruling that appellant appeals. The defendant Hibbs, trustee, also appeals from the decree and judgment as entered against him.

The gift, as appears from Paragraphs three and thirteen of the will is in perpetuity. One of the questions we are required to determine is whether this is in violation of Section 10127, which renders void every disposition of property which suspends the absolute power of control thereof for a longer period than during the lives of persons then in being and for twenty-one years thereafter. The prohibition implied in this statute has been relaxed in certain definite particulars. It is provided by Section 10213-a1 of the Code of 1927 that:

"The court in which the estate of any deceased person is administered, before final distribution, may allow and set apart from such estate, a sum sufficient to provide an income adequate to perpetually pay for the care and upkeep of the cemetery lot upon which the body of the deceased is buried, except where perpetual care has otherwise been provided for. The sum so allowed and set apart shall be paid to a trustee as provided by this chapter."

And by Section 10211 as follows:

"Cities, irrespective of their form of government, incorporated towns, and civil townships wholly outside of any city or incorporated town, shall be and they are hereby created trustees in perpetuity, and are required to accept, receive, and expend all moneys and property donated or left to them by bequest, to be used in caring for the property of the donor in any cemetery, or in accordance with the terms of such donation or bequest, and the money or property thus received shall be used for no other purpose."

Authority is vested by the first of the above quoted sections in the probate court to set apart a fund from the estate of any deceased person sufficient to provide an income adequate to perpetually pay for the care and upkeep of the cemetery lot on which the deceased is buried, except where perpetual care has otherwise been provided for. Cities, irrespective of their forms of government, in-

corporated towns, civil townships. wholly outside of any city or incorporated town are, by the statute quoted, made trustees in perpetuity and required to receive bequests to be used in caring for the property of the donor in any cemetery or in accordance with such donation or bequest. Neither of the foregoing sections in terms specifically authorizes the creation of a trust by will in perpetuity for the purpose of maintaining and beautifying the cemetery lot upon which the testator is buried. The clear and obvious purpose of the legislature was to make possible some provision for the perpetual care and maintenance and beautification of the cemetery lot upon which any deceased person leaving an estate is buried. To hold that the foregoing sections are not broad enough to authorize one about to dispose of his property by will to bequeath a sum sufficient and satisfactory to him in perpetuity to trustees for the purpose above stated would be a mere quibble—a play on words. The legal effect of the statutes quoted is to relax the prohibition of Section 10127 so as to permit provision to be made for the perpetual care and maintenance of the cemetery lot on which any deceased person is buried. The term "bequest" in Section 10211 is significant at this point. Had the will of the testator in this instance bequeathed the same to any of the survivors or corporations named in Section 10211 of the Code, it would clearly have been valid. It seems to us that the case presents a question of statutory interpretation only. The testator determined for himself the sum necessary for the purpose intended. His judgment and wishes under the statute fairly interpreted may and should be respected.

II. Nor do we think that the bequest in any sense violated Section 11848 of the Code. It is not to or for the use or benefit of any corporation. The sum bequeathed is to be loaned and invested by the trustees and the income therefrom used to keep the cemetery lot in good condition and to buy flowers to be placed in the vases each season on the graves. It is true that the cemetery is owned by Hebron Lodge No. 148, I. O. O. F., of Marengo, Iowa. Any person may, however, purchase a lot for burial purposes in this cemetery, whether a member of the Lodge or not. Nothing is given by the terms of the will to the society, nor is the sum given to be employed for its use and benefit.

III. The motion of the plaintiff, who is designated appellant, to dismiss appellee's cross-appeal upon the ground that no

abstract was filed by him is overruled. Dunlop v. Wever, 209 Iowa 590.

It is the judgment of the court that the provision of the will in question is valid and should be carried out. This being true, the sum in question does not pass under the residuary clause of the will. The judgment must be reversed upon the cross-appeal, and the cause will be remanded to the district court for decree in harmony with this opinion.—Reversed on cross-appeal.

FAVILLE, DE GRAFF, ALBERT, and WAGNER, JJ., concur.