PAUL ET AL. *v.* WALKERTON WOODLAWN CEMETERY ASSOCIATION.

[No. 26,245. Filed February 23, 1933. Rehearing denied May 16, 1933.]

*William J. Reed,* for appellants.

*Roy Sheneman,* for appellee.

MYERS, J.—This action was commenced in the St. Joseph Superior Court to collect from the defendants $190, being an assessment of $2.00 each on 95 burial lots, a part of the territory of the Walkerton Woodlawn Cemetery. On change of venue the cause was sent to the LaPorte Superior Court, where a trial was had and judgment rendered against appellants and in favor of appellee. Appellants prosecuted this appeal and have assigned errors, not waived, of the trial court in overruling their demurrer to appellee's complaint for want of facts, and that the facts found are insufficient to support the conclusions of law.

Appellants, by their demurrer, sought to challenge the constitutionality of the statute under which appellee was incorporated and to which it pointed for its authority to make the alleged assessment. This same question, identically presented, was considered and decided against the contention of appellants in Cause No. 25687, *ante* 693, 184 N. E. 537, this term,

wherein these same parties were the parties to that appeal.

The trial court, at the request of appellants, made a special finding of facts and stated conclusions of law thereon. The facts, in substance, follow: Prior to June, 1926, certain citizens and residents of St. Joseph County, Indiana, were owners of burial lots in a certain cemetery in said county known as Woodlawn Cemetery; a portion of these lots were then occupied by the dead; that in June, 1926, a majority of all the owners of burial lots in said cemetery petitioned the board of commissioners of said county to incorporate said cemetery, describing the lots and ground to be incorporated, and to form a cemetery association as provided by §§4557 et seq. Burns 1926; that in accordance with the statute notices were given and such proceedings had before said board of commissioners in regular session; that on July 19, 1926, said cemetery, by order of said board, was incorporated under the name of Walkerton Woodlawn Cemetery Association; that said association adopted bylaws having the following provisions:

"The directors are empowered to levy, assess, and collect assessments on the lots of said cemetery for the purpose of improving, maintaining, protecting and enlarging its boundaries, beautifying its grounds or for enhancing its convenience, as in their judgment desirable.

"Whenever the board of directors make and levy any assessments against and on any such lots of said cemetery they shall adopt and make a resolution therefor and fix the time for payment of such assessments in such resolution, and such board shall require the secretary to mail notice to each member so assessed at least twenty days prior to the time fixed for payment of such assessments.

"The board of directors shall have power to assess and levy assessments on any lot of said cemetery at any regular or special meeting of the board of directors."

That at a special meeting of the board of directors of said association (March 19, 1928) a written resolution was adopted levying an assessment of $2.00 on each lot in said cemetery and fixing the place of payment, State Bank of Walkerton, the person to receive the same, treasurer of the association, and date for payment on or before April 20, 1928; that at the time of levying the assessment the defendants (appellants here), William S. Paul and Sarah E. Paul, were the owners of 95 of the lots on whom notice of the assessment resolution was duly served by mailing a written copy thereof to each of them and by further notice by publication in a weekly newspaper published in the town of Walkerton, both of which notices were given at least twenty days before April 20, 1928; that the $2.00 assessment on each lot owned by defendants was less than twenty per cent of the value thereof at that time, and that the entire assessment for the year 1928 did not exceed twenty per cent of the value of the lots so assessed; that plaintiff (appellee here) made demand upon defendants for payment of said assessments, which was refused.

The conclusions of law claimed to be erroneous are as follows:

"1st. That the plaintiff, Walkerton Woodlawn Cemetery Association, is a duly and legally incorporated cemetery association under the laws of the State of Indiana, and was such at the time of the assessment here in controversy.

"2nd. That the assessment of two dollars per lot levied by the plaintiff was a legal and valid assessment against all lots owned by the defendants, and each of them, in said cemetery."

Appellants insist that these conclusions cannot be sustained for the reasons: (a) that they are not supported by the facts found; (b) that the statute authorizing the alleged assessment is unconstitutional; and (c) failure to find that any of the lots are used or occupied for the burial of the dead.

Appellants, by relying upon their exceptions to the conclusions of law, thereby admit, for the purposes of the question thus presented, that the facts supporting the conclusions of law are fully and correctly found. *Walb Construction Co.* v. *Chipman* (1931), 202 Ind. 434, 175 N. E. 132.

Appellants make the broad statement of insufficient facts to support the conclusions of law, but fail to call our attention to any ultimate fact omitted, save the one—lots not used or occupied for the burial of the dead. For the purpose of incorporating a cemetery under §4557, supra, it is not necessary that all of the lots included in the incorporated grounds be occupied by the dead, for, under this statute, "a portion of the lots thus laid out are occupied by the burial of the dead" is all that is required, and a mere reading of the findings of fact will disclose that the claimed omitted fact was found by the court. It was not necessary for the court to find that all of the lots assessed were then actually occupied by dead bodies. The use to which they are dedicated is sufficient.

The claim of unconstitutionality of the statute under the point, insufficient facts found, has been fully considered and further comment is unnecessary.

Judgment affirmed.