TOWN OF BLOOMING GROVE, Respondent, vs. ROSELAWN MEMORIAL PARK COMPANY, Appellant.

*May 8—June 6, 1939.*

For the appellant there was a brief by *Sanborn, Blake & Aberg* and *Edwin Conrad,* all of Madison, and oral argument by *W. J. P. Aberg.*

No appearance or briefs for the respondent.

MARTIN, J. Defendant is a cemetery corporation, organized under ch. 180, Stats. On May 10, 1932, Memorial Parks of Wisconsin, Inc., was duly incorporated under ch. 180, Stats. It appears that said corporation was organized as a cemetery corporation for the purpose of acquiring a cemetery. Prior to February 10, 1933, Memorial Parks of Wisconsin, Inc., acquired certain lands for cemetery purposes, consisting of twenty-five acres. On February 10, 1933, Memorial Parks of Wisconsin, Inc., recorded a cemetery plat, designated as Plat No. 1 of Roselawn Memorial Park. Said plat divided the twenty-five acres into cemetery lots. This plat was duly recorded and duly approved by the respondent. The twenty-five acres included in Plat No. 1 of Roselawn Memorial Park were prior to June 14, 1933, set apart by Memorial Parks of Wisconsin, Inc., as a cemetery for the burial of the dead. Said land has since continued to be a cemetery for the burial of the dead. Prior to June 14, 1933, said Memorial Parks of Wisconsin, Inc., had laid out the premises described in Plat No. 1 of Roselawn Memorial

Park, as a complete cemetery to be used for burial purposes only, and had added many valuable improvements to said premises. Memorial Parks of Wisconsin, Inc., had sold to numerous persons prior to June 14, 1933, cemetery lots for burial purposes in said Roselawn Memorial Park. However, prior to said 14th day of June, 1933, there were no burials in Roselawn Memorial Park. Since that date, and prior to the commencement of this action, there have been numerous burials therein. On July 7, 1933, appellant company filed its articles of incorporation in the office of the secretary of state, and a duly authenticated copy was filed in the office of the register of deeds of Dane county. On the 13th day of July, 1933, appellant company received its certificate of incorporation from the secretary of state. Said corporation was organized under ch. 180, Stats., for the purpose of acquiring the Roselawn Memorial Park cemetery, and on July 29, 1933, Memorial Parks of Wisconsin, Inc., conveyed to Roselawn Memorial Park Company the Roselawn Memorial Park cemetery, designated as Plat No. 1. Prior to the commencement of this action, Roselawn Memorial Park Company had procured options on fifteen acres adjoining Plat No. 1 of Roselawn Memorial Park, which it proposes to plat and use for cemetery purposes.

There is no controversy as to the facts. The question for determination is the construction of sec. 157.06, Stats. The material part of sec. 157.06, Stats., as amended by ch. 246, Laws of 1933, effective from and after June 14, 1933, provides:

"157.06 . No cemetery shall be laid out or used for burial purposes, except such as are now in use, and except those which shall hereafter be organized, maintained and operated by towns, villages and cities, by churches, by fraternal and benevolent societies, by incorporated colleges of religious orders and by cemetery associations incorporated under the provisions of this chapter. . . ."

Roselawn Memorial Park is a rural cemetery, located in the town of Blooming Grove in Dane county. None of the restrictions as to location, etc., mentioned in sec. 157.06, Stats., are involved in this appeal except the restriction, "such [cemeteries] as are now in use." The trial court held, and properly so, that although appellant corporation was not organized until after the 1933 amendment to sec. 157.06, Stats., when organized, it had the legal right to acquire by conveyance the Roselawn Memorial Park cemetery from the former owner, Memorial Parks of Wisconsin, Inc., and acquired whatever right the former owner had to operate a cemetery prior to the effective date of the 1933 amendment. In other words, it is conceded that appellant company is entitled to the same right to extend its boundaries that its predecessor would be entitled to at the time of the adoption of the 1933 amendment were it seeking additional territory to extend or enlarge its cemetery grounds. However, the trial court held:

"The assumption that the cemetery is established and is a cemetery does not fulfil the requirement of the Wisconsin statute which—as we interpret it—is that the cemetery must be in use for burial purposes before it is in that class of private cemetery corporations entitled to extend its boundaries after the 1933 amendment."

The trial court further held:

"We hold that Roselawn Memorial Park Company is not entitled to extend its boundaries for burial purposes beyond the original twenty-five-acre limit, because on June 14, 1933, when the legislature passed the prohibition on extensions except as to cemeteries 'in use'—its cemetery at that time owned by the predecessor Memorial Parks of Wisconsin, Inc., *was not in use for burial purposes.*"

In other words, the trial court held that the cemetery in question was not "now in use" on June 14, 1933, when sec. 157.06, Stats., was amended because there were no burials

in said cemetery on that date. The crux of this case is the phrase, "now in use." We think the trial court's interpretation of the legislative intent is too narrow and is unreasonable. If the legislature had intended that actual burial was to be the test, it would no doubt have so stated. The Roselawn Memorial Park cemetery plat was duly approved by the respondent town. The platting of the twenty-five acres was a dedication of the land for cemetery purposes. It was divided into cemetery lots and blocks. Prior to the 1933 amendment many lots had been sold to purchasers for burial purposes. Tested by the reasoning of the trial court, at least one interment was indispensable to make it a cemetery "now in use."

In 10 Am. Jur. p. 487, § 2, the word "cemetery" is thus defined:

"A cemetery is a place set apart, either by municipal authority or private enterprise, for the interment of the dead. The term includes not only lots for depositing the bodies of the dead, but also avenues, walks, and grounds for shrubbery and ornamental purposes."

And in 11 C. J. p. 50, § 1, is the following definition:

"A cemetery is a place where the dead bodies of human beings are buried; *a place or area of ground set apart for the burial of the dead.*"

Black, Law Dict. (3d ed. 1933) p. 295, defines a cemetery as:

"A place set apart, either by municipal authority or private enterprise, for the interment of the dead, the term including not only lots for depositing the bodies of the dead, but also avenues, walks, and grounds for shrubbery and ornamental purposes." For same definition see 1 Bouv. Law Dict., Rawle's Third Revision, p. 438; 1 Words and Phrases (Fourth Series), p. 372.

"A cemetery is a place or area of ground set apart for the burial of the dead. A cemetery is not created by the use of the tract of land for the burial of the dead, but what creates the cemetery is the act of setting the ground apart for the burial of the dead, marking it and distinguishing it from the adjoining ground as a place of burial." *Villa Park v. Wan-*

*derer's Rest Cemetery Co.* (1925) 316 Ill. 226, 228, 147 N. E. 104.

In this case the court held that since the premises in question were purchased for a cemetery, were dedicated for cemetery purposes, were designated as a cemetery, and were marked off into cemetery lots, since valuable improvements had been added, and since lots were sold to purchasers for burial purposes, the Wanderer's Rest Cemetery was "established" prior to the annexation proceedings in question.

In *Oak Hills Cemetery Co. v. Wells,* 38 Ind. App. 479, 482, 78 N. E. 350, the court said:

"A tract of land purchased by an incorporated cemetery association for cemetery purposes and platted into lots for cemetery purposes could properly be said *to be used exclusively* for cemetery purposes."

To like effect see *Concordia Cemetery Asso. v. Minnesota & N. W. R. Co.* (1887) 121 Ill. 199, 12 N. E. 536; *City of Wichita v. Schwertner* (1933), 130 Kan. 397, 286 Pac. 266; *Evergreen Cemetery Asso. v. New Haven,* 43 Conn. 234, 21 Am. Rep. 643; *Damon v. State* (Tex. 1932), 52 S. W. (2d) 368.

In *Metairie Cemetery Asso. v. Board of Assessors,* 37 La. Ann. 32, 33, 35, the court said:

"Now, what is a cemetery? Lexicographers define it to be 'an area or place where the dead are buried.' . . . In other words, it is, in the very language of the constitution 'a place of burial,' by which is meant undoubtedly a place dedicated and set apart for the burial of the dead. The attempt to restrict the meaning of the words of the constitution to the narrower import of tenanted graves, spots of ground actually occupied by buried corpses, is utterly vain."

In *Dunbar v. Oconomowoc Cemetery Asso.* 189 Wis. 164, 168, 207 N. W. 265, the court said:

"When a lot adjoining an alleyway has once been sold for burial purposes, such lot and alley being designated on the plat, each serves a distinct and definite purpose, and such purpose cannot be interfered with or modified by the owners

of the cemetery, or by any other person or persons, without affecting the vested rights of the lotowner."

In considering the question here involved we find several cases which are applicable, though they relate to the taxation of cemeteries, or involve executions against cemeteries. The Indiana court, in passing on the question of whether cemetery lots were assessable, though not occupied by the dead, held that:

"It was not necessary for the court to find that all of the lots assessed were then actually occupied by dead bodies. *The use to which they are dedicated is sufficient." Paul v. Walkerton Woodlawn Cemetery Asso.* (1933) 204 Ind. 705, 709, 184 N. E. 537, 542.

In construing a New Jersey statute which provided that cemetery lands should not be liable to be sold on execution, in *Gottlieb v. West Ridgelawn Cemetery* (1932), 109 N. J. Eq. 585, 587, 158 Atl. 422, that court said:

"In our opinion, under the statute, the land of the cemetery company cannot be sold for the purpose of satisfying a judgment if it is a part of a tract of land laid out in lots for burial purposes, although not presently used for such purposes. The mere fact that these lots have not been appropriated to the interment of the dead is immaterial."

The New York court of appeals in *People ex rel. Buffalo B. P. Asso. v. Stilwell,* 190 N. Y. 284, 292, 83 N. E. 56, said:

"And it has been held that when such an [cemetery] association has once acquired real estate for burial purposes the lands are exempt from the moment when the title becomes vested in the corporation, and they continue exempt so long as the corporation exists, although no dead bodies be buried therein." To the same effect see *State v. Lakewood Cemetery Asso.* 93 Minn. 191, 101 N. W. 161; *Concordia Cemetery Asso. v. Minnesota & N. W. R. Co., supra; Mountain View Cemetery.Co. v. Massey* (1930), 109 W. Va. 473, 155 S. E. 547; *Avery v. Forest Lawn Cemetery Co.* (1901) 127 Mich. 125, 86 N. W. 538; *White Chapel Memorial Asso. v. Willson* (1932), 260 Mich. 238, 244 N. W. 460.

The exception made in sec. 157.06, Stats., "except such [cemeteries] as are now in use" has been in our statutes substantially in the same language since 1864. Clearly, the 1933 amendment does not apply to cemeteries existing at the time said amendment became effective. We conclude that Roselawn Memorial Park cemetery was a cemetery "now in use" on June 14, 1933, within the letter and intent of the amendment. It was dedicated as such prior to the 1933 amendment; it was platted as such, and many lots therein had been sold to purchasers for the burial of their dead. It is clear that appellant has an absolute right to acquire additional property to expand its cemetery and, when acquired, to use such additional property for cemetery purposes. It follows that the judgment appealed from must be reversed upon the merits.

*By the Court.*—Judgment reversed, and record remanded with directions to dismiss the complaint upon the merits.