IN RE ESTATE OF CYRENA SCOTT.

No. 47296.

(Reported in 34 N. W. 2d 177)

OCTOBER 19, 1948.

REHEARING DENIED DECEMBER 16, 1948.

R. Brown, of Creston, for appellant.

Kenneth H. Davenport, of Creston, for Graceland Mausoleum Association.

Joseph P. Healey, of Creston, attorney for the City.

OLIVER, J.—The will of Cyrena Scott executed in 1942 provided in part, as follows:

"II. I hereby give, devise and bequeath to the City of Creston, a Municipal corporation in Union County, Iowa, as Trustee, in Trust the sum of Two Thousand Dollars to be used in the care, up-keep and perpetual maintenance of certain family crypts in the mausoleum in the Cemetery now owned by the City of Creston and by Ordinance designated as Graceland Cemetery, being the certain crypts in which reposes the body of my beloved Father, Walter M. Scott and beloved Mother, Caroline Cossum Scott and the unoccupied crypt which I own therein, which, has been purchased for the repose of the body of myself in which I direct that the same shall be placed upon my demise. I direct that so long as said mausoleum is maintained that the interest or earnings of said sum shall be used, first in maintaining and preserving the crypts above referred to and subject thereto, said interest and income to be used for the maintenance and preservation of said mausoleum generally, but in event said mausoleum should so disintegrate or deteriorate so as to be unfit for continued use or the City of Creston should prohibit the further use or maintenance of same, then I direct that the bodies of my beloved Father, Mother and myself be buried by the City of Creston in a suitable lot in said cemetery and that after paying the purchase price therefor, that the remainder of the Two Thousand Dollars be used in erecting a

suitable family monument and suitable grave markers on said lot."

Testatrix died in 1945, and her body was buried in the crypt owned by her. It is clear she was mistaken in her belief the city owned the mausoleum. The record shows without conflict the mausoleum is not in Graceland cemetery and never was owned by the city of Creston. It is located in Mausoleum Extension to Graceland cemetery. This so-called extension is in fact a separate cemetery adjoining Graceland and owned and operated since about 1911 by appellee Graceland Mausoleum Association, a corporation not for pecuniary profit, organized under the laws of Iowa, for cemetery purposes. The mausoleum is a part of this separate cemetery. See Town of Blooming Grove v. Roselawn Memorial Park Co., 231 Wis. 492, 286 N. W. 43.

The final report of the executors of testatrix' estate pointed out that the city was not the owner of the cemetery in which the mausoleum was situated; stated the mausoleum was in disrepair, the association was decadent and apparently would not function much longer, the mausoleum would be abandoned and the $2000 trust fund by that time would have been diverted so that it would not be available to bury the three bodies in Graceland cemetery. The executors prayed they be directed to use the $2000 trust fund to purchase a lot in Graceland cemetery, remove the bodies of testatrix and her parents from their crypts in the mausoleum, inter them in said lot and erect markers and monuments thereon.

Thereupon the city of Creston filed its declination and refusal to act as trustee of said trust for the reason it did not own or control the mausoleum or the real estate upon which the same was situated. Graceland Mausoleum Association answered, denying the mausoleum was in disrepair or would be abandoned or that the association would cease to function or the trust fund be dissipated and asking that the prayer of the executors be denied and the city be ordered to accept the trust or that the court appoint a trustee to administer it. Upon trial to the court the prayer of the executors was denied and Graceland Mausoleum Association was appointed trustee to execute the trust. The executors appeal.

■■ From the language of the will it is plain the primary purpose of the trust was the maintenance and preservation of these very crypts and this mausoleum. Bequests of this nature to municipal corporations are valid. Chapman v. Newell, 146 Iowa 415, 125 N. W. 324, 325; Hipp v. Hibbs, 215 Iowa 253, 256, 245 N. W. 247. Code section 566.14 et seq. provide for the handling of such bequests. In this case, however, the city did not own or control the mausoleum and was not required to accept the trust. The controversy arises out of testatrix' mistake as to the ownership of the mausoleum and the refusal of the city to accept the trust.

■ In Meeker v. Lawrence, 203 Iowa 409, 411, 212 N. W. 688, 689, an absolute bequest to a cemetery owned by cemetery association of the same type as the association in this case was held valid. The court listed various statutes which recognize the validity of bequests to cemetery associations and stated the bequest was a charitable one. The opinion states also "if it were necessary, the court would appoint a trustee to execute the bequest," citing In re Estate of Durham, 203 Iowa 497, 211 N. W. 358. See also Restatement of the Law, Trusts, 1190, section 397. A bequest to trustees, the principal to be invested and the income used to care for testator's grave was held valid in Hipp v. Hibbs, 215 Iowa 253, 245 N. W. 247. The decision states a contrary holding, under the statutes there mentioned would be a mere quibble—a play on words. It points out also that the cemetery was public and the bequest was not for the benefit of the society which owned it. So in the case at bar the cemetery was public, the bequest was a charitable one, the expressed intent of testatrix was clear, and upon the refusal of the trustee to accept the court had the power to name a trustee.

■ There is no merit in the contention of the executors that the association is ineligible to act as trustee because it is the beneficiary under the trust. As pointed out in Meeker v. Lawrence, supra, and Hipp v. Hibbs, supra, a bequest for these purposes is charitable and not for the benefit of the owner of the mausoleum.

The executors argue the court should have ordered the bodies removed from the mausoleum and reinterred in a burial

lot. This is based upon the premise that, in the not distant future, Graceland Mausoleum Association will probably cease operations or the mausoleum will probably become unfit for continued use. Such an order would have been contrary to the provisions of the will. Moreover, the record does not indicate any reasonable probability that the association will not continue to operate and to properly maintain or arrange for the maintenance of the mausoleum for an indefinite length of time.

■■ The association owns the mausoleum and a number of burial lots, free from debt. It derives revenue from the sale of crypts and burial lots and has a modest bank balance. Recently the mausoleum was reroofed and further substantial repairs and improvements are contemplated. The possible life of the cemetery association, a corporation not for pecuniary profit, is without limit, unless terminated by legislative act. Section 504.8, Code of 1946. The executors argue that when the present officers retire the association will no longer function. It is a sufficient answer that the association may select a successor to any trustee, director or manager whose services for any reason may be terminated.—Affirmed.

All JUSTICES concur.