HIGHLAND MEMORIAL PARK, INC., Respondent, v. CITY OF
NEW BERLIN and another, Appellants.

*No. 326. Argued March 3, 1975.—Decided March 28, 1975.*
(Also reported in 227 N. W. 2d 72.)

For the appellants there was a brief by *Schober & Radtke,* attorneys, and *Mark M. Camp* of counsel, all of Wauwatosa, and oral argument by *Mr. Camp.*

For the respondent there was a brief by *Quarles & Brady,* attorneys, and *Charles Q. Kamps* and *T. Michael Bolger* of counsel, all of Milwaukee, and oral argument by *Mr. Kamps.*

HANLEY, J. Two issues are presented upon this appeal:

1. Is the use of plaintiff's vacant lands for cemetery purposes prohibited by sec. 157.06, Stats?

2. Are the vacant lands owned by the plaintiff adjoining its cemetery exempt from general property taxes under sec. 70.11 (13), Stats?

*Expansion of existing cemetery.*

The defendants contend that the proposed use of the vacant lands by the plaintiff is unlawful because such lands are within the specified provisions of the first set of requirements to sec. 157.06 (1), Stats., restricting the location of cemeteries.

Sec. 157.06 (1), Stats., now provides in its material parts as follows:

"No cemetery shall be laid out or used for burial purposes, except such as are now in use, and except those which are hereafter organized, maintained and operated by town, villages and cities, by churches, by fraternal and benevolent societies, by incorporated colleges of religious orders and by cemetery associations incorporated under this chapter. No such cemetery shall be established or located (a) within recorded plat of a city or village, or recorded addition thereto, and within a mile of a building in any such plat; (b) outside such a plat and within 200 rods of an inhabited dwelling in such a plat, without the consent of the municipal authorities; (c) within 15 rods of a habitable dwelling . . . but this clause shall not apply to the use for cemetery purposes of lands already owned for an extension to an existing cemetery and included within the same description, . . . except that . . . (b) an existing cemetery in a city of the third or fourth class may be extended and enlarged with the consent of the department of health and social services and of the council; provided, that damages may also be allowed to owners of land adjoining that taken for cemetery purposes; . . ."

It is the defendants' position that because the vacant lands in question are within the distances from the build-

ings and areas specified in the first requirements (a) through (c), the plaintiff cannot use such lands for cemetery purposes. They point out that these particular restrictions on the establishment of cemeteries were in the statutes prior to the incorporation of the plaintiff and the commencement of its activity in the cemetery business. *See:* Sec. 157.06, Stats. 1927.

The plaintiff here contends that the first four requirements of sec. 157.06 (1), Stats., apply only to cemeteries organized after the amendment of sec. 157.06 in 1933. They point out that the first sentence of sec. 157.06 sets up two classes of cemeteries which can be laid out and used for burial purposes: (1) "such as are now in use," and (2) "those which are hereafter organized, maintained and operated" by the various specified groups. The restrictions as to location are then given, being prefaced by "No such cemetery shall be established or located . . . ." It is plaintiff's position that the reference to "such cemetery" only applies to those "hereafter organized" because cemeteries "now in use" would not have to be established or located since they already are.

The question for determination is the construction of sec. 157.06, Stats. We think, and as the trial court found, that the question was answered in the decision in the case of *Blooming Grove v. Roselawn Memorial Park Co.* (1939), 231 Wis. 492, 286 N. W. 43. *Roselawn* involved an action by the town of Blooming Grove to restrain and enjoin Roselawn Memorial Park Company from acquiring any additional property to extend its cemetery beyond its existing limits. The defendant was a corporation organized under ch. 180, and was the successor in ownership to a rural cemetery located in the town of Blooming Grove. None of the restrictions as to location set forth in sec. 157.06 were involved. The exception involved was "such cemeteries as are now in use." The defendant was not incorporated until after the 1933 amendment of sec. 157.06, which limited who could establish cemeteries in

the future. The trial court held that the cemetery's boundaries could not be extended because, at the time the 1933 amendment became effective, the cemetery was not in use for burial purposes. No burials had taken place in the cemetery as of that time, although the cemetery had been laid out, improvements had been made and cemetery lots had been sold.

This court reversed the trial court, holding that actual burial was not the test of whether a cemetery was "now in use." In doing so, this court said:

"The exception made in sec. 157.06, Stats., 'except such [cemeteries] as are now in use' has been in our statutes substantially in the same language since 1864. Clearly, the 1933 amendment does not apply to cemeteries existing at the time said amendment became effective. We conclude that Roselawn Memorial Park cemetery was a cemetery 'now in use' on June 14, 1933, within the letter and intent of the amendment. It was dedicated as such prior to the 1933 amendment; it was platted as such, and many lots therein had been sold to purchasers for the burial of their dead. It is clear that appellant has an absolute right to acquire additional property to expand its cemetery and, when acquired, to use such additional property for cemetery purposes. It follows that the judgment appealed from must be reversed upon the merits." 231 Wis. at 499.

The same rationale applies in the instant case since Highland Memorial Park was established in 1928 with municipal consent, began platting its land in 1929, and had burials therein prior to 1933. Therefore, it was established and located, laid out and in use prior to 1933.

Ten years after the plat annexing Parcel 1 to the cemetery's original parcel was approved and five years after the city gave conditional approval for use as cemetery land, the city claims the cemetery is locked within its original boundaries. The claim is made, notwithstanding the fact that 22 plats were approved during the period 1929 to 1965 allowing repeated expansions of the original

burial grounds. All of these plats are within the proscriptions the city now claims applicable.

Approval of the city's claim that the cemetery is locked within its original boundaries would result in a holding that all cemeteries now in existence in cities are illegal or, at the very least, locked within their original boundaries. Such a claim overlooks secs. 157.05 and 157.06, second set of requirements (a) through (c) as to enlargement of existing cemeteries.

We conclude that the restrictions on the location of cemeteries do not apply to the enlargement of cemeteries existing prior to 1933. We further hold that the second set of requirements (a) through (e) in sec. 157.06 (1), Stats., do apply to the extension of existing cemeteries. Therefore, the plaintiff's land may be used for cemetery purposes if the consent of the department of health and social services and the council is obtained. However, such consent cannot be arbitrarily or capriciously withheld.

The judgment in this case must be modified because it provides in part: "Section 157.06 of the Wisconsin Statutes does not apply to the expansion of the plaintiff's original cemetery . . . ." It must be modified to recognize that the second set of requirements (a)–(e) in sec. 157.06 (1) apply to the extension of existing cemeteries and that the plaintiff's vacant land may be used for cemetery purposes if the consent of the department of health and social services and the council is obtained.

*Taxation.*

The second issue involved here is whether the plaintiff's vacant land is exempt from general property taxes. Sec. 70.11, Stats., provides in part:

"The property described in this section is exempted from general property taxes:

". . .

"(13) CEMETERIES. Land owned by cemetery associations and used exclusively as public burial grounds and tombs and monuments therein, and privately owned

burial lots; land adjoining such burial grounds, owned and occupied exclusively by the association for cemetery purposes; personal property owned by any cemetery association and necessary for the care and management of burial grounds."

Two types of cemetery property are exempt from sec. 70.11 (13), Stats.: (1) Land which is used exclusively as public burial grounds, and (2) land which adjoins such burial grounds, owned and occupied exclusively for cemetery purposes. The second category obviously includes land reserved for burial purposes in the future.

The trial court found that the cemetery property at issue which adjoined the original cemetery was acquired, owned and occupied exclusively for cemetery purposes within the meaning of sec. 70.11 (13), Stats.

The above finding is supported by the following evidence:

1. The platting and annexation of the so-called southwest portion (parcel 1) in February and March, 1959.

2. The obtaining of town board approval of the annexation plat.

3. The 1964 conditional use zoning approval for cemetery purposes for the northwestern section of the adjoining land.

4. The plaintiff's submission of plats for the western portion of the undeveloped lands in 1969.

5. The city's action in removing the property from its tax rolls and treating the property as exempt for the years 1965 through 1970.

6. The cemetery's purpose in owning and occupying the adjoining land as testified to by its president and its never having been used for inconsistent purposes.

7. The cemetery's efforts through the years to develop and plat the land in grave sites, including topographical studies, surveys and preparation and submission of plats.

To the contrary, there is no evidence that any of land involved was put to any noncemetery use after being

dedicated for cemetery purposes by respondent and so accepted by the city in 1959 with respect to the southwest portion and in 1964 with respect to the northwest sections. The city's refusal to approve the plat submitted in 1969 because of a pending condemnation action prevented the use of the land for current burials.

We agree with the trial court's conclusion that the lands acquired by the plaintiff abutting the original cemetery on the west and also adjacent to Moorland Road are exempt from real estate taxation under the provisions of sec. 70.11 (13), Stats.

Although we agree with the trial court that the restrictions contained in sec. 157.06, Stats., requirements (a)–(d) do not apply to the enlargement of cemeteries existing prior to 1933, the judgment must be modified to recognize that the second set of requirements in sec. 157.06 (a)–(e) do apply. Therefore, paragraph 1 of the judgment is modified to read:

1. Sec. 157.06 (a)–(d) [first set of requirements] does not apply to the expansion of the plaintiff's original cemetery since the cemetery was laid out and used for burial purposes and established and located with municipal consent at least in 1929. However, the second set of requirements in sec. 157.06 (a)–(e) do apply to the extension of existing cemeteries and the plaintiff's vacant land may be used for cemetery purposes if the consent of the department of health and social services and the council is obtained.

*By the Court.*—Judgment modified and, as modified, affirmed.